Jack COPE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17251.

United States Court of Appeals
Eighth Circuit.

Jan. 21, 1963.

Jack Cope pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for the Government.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

This is an appeal from the denial of a motion under 28 U.S.C.A. § 2255 to vacate sentence. The trial court permitted notice of appeal to be filed, but refused appellant leave to prosecute the appeal in forma pauperis on the ground that the motion to vacate was frivolous, and hence also the attempt to appeal. The matter is before us on appellant's application here for leave so to proceed with the appeal. Except to allow the matter to be docketed for record purposes, we deny the application and dismiss the appeal as being frivolous.

██ The attack made in the motion to vacate was that the judge who accepted appellant's plea of guilty and imposed sentence on him lacked power and authority to do so, in that these proceedings were had in a different division of the district than the one where the charges were filed and pending, and that there had been no order made in the latter division permitting action in the case to be taken elsewhere.

██ A defendant has, of course, a right to be arraigned, tried, and sentenced in the division of a district where the offense was committed and the charges are filed, but, if he consents, "the arraignment may be had, a plea entered, the trial conducted, or sentence imposed" in any other division of such district. Rules 18 and 19, Rules of Criminal Procedure, 18 U.S.C.A. As we held on the

motion under § 2255 of appellant's companion in the bank robbery involved, who was a co-defendant in the charges filed, no formalities are prescribed or are necessary for the giving or evidencing of such a consent by a defendant. Potter v. U. S., 8 Cir., 304 F.2d 664.

It is sufficient that consent exists and is made manifest, either by executed writing, or from expression of the defendant and his counsel, or through willing participation in what is being done. No procedural order of transfer is in such a situation required to be entered as a basis for the court's exercising the general jurisdictional power of which it is possessed as to the entire district.

██ It is to be noted that Rule 19 is simply permissive, and that it imposes no obligation on the court to use its provisions, even though the defendant may so request. In this respect, it differs from Rule 21, where an express obligation is imposed on the court, upon motion by a defendant, to make transfer of the proceeding as to him, (a) "if the court is satisfied that there exists in the district or division where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that district or division", or (b) "if it appears * * * that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged". These provisions and the procedure provided for in subsection (c) of the Rule as to such a transfer are without any relationship to Rule 19.

Appeal dismissed as frivolous.