Nathaniel **VINCENT**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 18311.

United States Court of Appeals Eighth Circuit.

June 7, 1966.

Nathaniel Vincent, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, Chief Judge, MEHAFFY, Circuit Judge, and McMANUS, District Judge.

MEHAFFY, Circuit Judge.

Vincent appeals from an order of the United States District Court denying a motion to vacate his sentence under a 28 U.S.C. § 2255 petition.

Petitioner was convicted on a two-count indictment charging violations of the narcotics laws, 26 U.S.C. § 4724(b) and 21 U.S.C. § 174. He was sentenced to consecutive ten-year terms and upon appeal to this court we affirmed the judgment of conviction. Vincent v. United States, 337 F.2d 891 (8th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965), reh. denied, 381 U.S. 947, 85 S.Ct. 1775, 14 L.Ed.2d 713 (1965).

This collateral attack questions the validity of Count II of the indictment by claiming that it includes two felonies. Count II charged unlawful receipt and concealment of narcotics but only the "concealment" charge was submitted to the jury. And it is settled that when a statute denounces several acts as a crime,

an indictment drawn in the language of the statute is not duplicitous if the acts are pleaded conjunctively in one count. Cordova v. United States, 303 F.2d 454 (10th Cir. 1962). See also Robison v. United States, 329 F.2d 156 (9th Cir. 1964), cert. denied, 379 U.S. 859, 85 S.Ct. 115, 13 L.Ed.2d 61 (1964).

■ This court has repeatedly ruled that after conviction, challenges directed to the sufficiency of the indictment or information are not reviewable on appeal from an order denying a motion to vacate sentence, except in the rare case comparable to Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 (1939). Williams v. United States, 344 F.2d 264, 266 (8th Cir. 1965), cert. denied, 382 U.S. 857, 86 S.Ct. 112, 15 L.Ed.2d 95 (1965); Moore v. United States, 337 F.2d 350 (8th Cir. 1964), cert. denied, 379 U.S. 994, 85 S.Ct. 712, 13 L.Ed.2d 614 (1965); Taylor v. United States, 332 F.2d 918 (8th Cir. 1964); Jackson v. United States, 325 F.2d 477 (8th Cir. 1963); Ware v. United States, 309 F.2d 457 (8th Cir. 1962); Roth v. United States, 295 F.2d 364 (8th Cir. 1961), cert. denied, 368 U.S. 1004, 82 S.Ct. 639, 7 L.Ed.2d 543 (1962); Link v. United States, 295 F.2d 259 (8th Cir. 1961), cert. denied, 368 U.S. 1003, 82 S.Ct. 638, 7 L.Ed.2d 542 (1962).

■■ Count II was not invalid because it charged both "receipt" and "concealment" of narcotics, but in any event it is not properly reviewable here.

■ Other assignments of error relate to the introduction in evidence of the narcotics and petitioner's confession. Both questions were answered on the direct appeal of this case. We ruled that the arrest was valid and that there was no improper search and seizure, and in any event petitioner was seen to have abandoned the narcotics in a trash receptacle where they were immediately retrieved by the officers. In summarizing the facts in our former opinion, we pointed out that the confession was voluntarily made shortly after petitioner was booked and within ten minutes after commencement of questioning. In fact, when petitioner was caught red-handed and confronted with the evidence against him, he not only confessed his part in the transportation and concealment of the narcotics, but also disclosed their source. The undisputed facts simply do not provide a reasonable basis for contending that the narcotics were improperly admitted into evidence.

■ For the first time, petitioner questions the voluntariness of his confession and the impropriety of being questioned without an attorney, but offers no supporting allegations of fact for either contention. Since neither contention was argued in the District Court application, they cannot be raised here for the first time. See Way v. United States, 276 F.2d 912 (10th Cir. 1960).

■ Another cogent reason for not considering these evidentiary questions is the well-settled rule that if matters are not raised on direct appeal, or if raised and disposed of in such an appeal, they will not be reviewed in a § 2255 proceeding. Butler v. United States, 340 F.2d 63, 64 (8th Cir. 1965), cert. denied, 382 U.S. 847, 86 S.Ct. 92, 15 L.Ed.2d 87 (1965); Franano v. United States, 303 F.2d 470, 472 (8th Cir. 1962), cert. denied, 371 U.S. 865, 83 S.Ct. 125, 9 L.Ed.2d 102 (1962).

The belated assignment of but different reasons to raise issues already carefully considered on direct appeal furnishes no basis for collateral attack. Petitioner's contentions are frivolous and without merit.

The judgment of the District Court denying the motion to vacate the sentence is affirmed.