**STATE of Missouri, Respondent,**

v.

**James PATTON, Appellant.**

**No. 52358.**

Supreme Court of Missouri,
Division No. 2.

March 13, 1967.

J. Whitfield Moody, Sloan Richard Wilson, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, James T. O'Brien, Asst. Atty. Gen., St. Louis, for respondent.

DONNELLY, Judge.

Appellant, James Patton, was convicted of first-degree robbery under § 560.120, RSMo 1959, V.A.M.S., by a jury in the Circuit Court of Jackson County, Missouri, at Kansas City, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959 (as amended Laws 1959, S.B. No. 117), was assessed at imprisonment in the custody of the Department of Corrections for a term of fifteen years. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

The information charged appellant under § 556.280, supra, and evidence was adduced supporting the charge. The information further charged that "on the 16th day of October, 1965, at the County of Jackson and State of Missouri, the said James Patton, with force and arms, in and upon one Sylvia Mesh unlawfully and feloniously did make an assault with a dangerous and deadly weapon, to wit, a pistol loaded with gunpowder and leaden balls, and Nine Dollars ($9), lawful money of the United States of America, of the aggregate value of Nine Dollars ($9), the money, goods, chattels, and personal property of the said

Sylvia Mesh, from the person and in the presence and against the will of the said Sylvia Mesh, then and there by force and violence to the person of the said Sylvia Mesh and by putting the said Sylvia Mesh in fear of an immediate injury to her person, feloniously did rob, steal, take and carry away; against the peace and dignity of the State."

According to the evidence, on October 16, 1965, Sylvia Mesh was employed as a clerk-switchboard operator at the Capri Motel, 1437 Independence Avenue, Kansas City, Jackson County, Missouri. At about 10:40 p. m., she came out of the rest room and discovered two men in the office of the motel. Appellant told her "it was a holdup." Appellant aimed a gun at Sylvia Mesh, told her he "could shoot" her, and he wanted her watch and money. A cab driver then drove up, Sylvia Mesh gave the men several one-dollar bills and her coin purse, and the men walked out. The cab driver came into the office, Sylvia Mesh told the cab driver she had been "held up", and asked him to follow the two men. She then called the police.

The cab driver followed the two men, one of whom had a white scarf or handkerchief in his hand. The driver maintained radio contact with his dispatcher, and finally observed and reported the two men going into a hotel at 1000 Paseo. Police officers met the cab driver, entered the hotel, and learned the two men had gone to Room 220. They went to the room, knocked on the door and were admitted. They arrested appellant and his companion. They and three other officers searched the premises and found a gun wrapped in a white scarf and the coin purse belonging to Sylvia Mesh.

Sylvia Mesh identified appellant in a line-up at police headquarters later the same evening. She also identified him at the trial as the man who aimed the gun at her and took the money.

Appellant was represented at trial by The Legal Aid and Defender Society of Greater Kansas City. They state in their brief filed in this Court: "We find no prejudicial error in this record. Therefore, we rest this appeal upon our statement of fact." We construe this to mean that appellant questions the sufficiency of the evidence. We have reviewed the entire record and have concluded the evidence is sufficient to sustain the conviction.

An examination of the record as required by Rule 28.02, V.A.M.R., discloses no error. The judgment is affirmed.

All of the Judges concur.