**STATE of Missouri, Respondent,**

**v.**

**George Henry SMALL, Appellant.**

**No. 52908.**

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1968.

————◆————

Norman H. Anderson, Atty. Gen., Jefferson City, Frederick E. Steck, Sp. Asst. Atty. Gen., Sikeston, for respondent.

George J. Jeggle, St. Louis, for appellant.

STORCKMAN, Judge.

The defendant George Henry Small was convicted of the offense of illegal possession of Dextroamphetamine Sulphate, designated as a stimulant drug by the Missouri State Division of Health, pursuant to § 195.230, RSMo 1959, V.A.M.S. Since the defendant had been convicted of a prior felony, punishment was assessed by the court and the defendant was sentenced to four years' imprisonment in the custody of the Department of Corrections. Sections 195.270 and 556.280. He appealed from the judgment of conviction.

The defendant rests his appeal upon his statement of facts which we have construed to mean that he attacks the sufficiency of the evidence to sustain the conviction. State v. Patton, Mo., 412 S.W.2d 154, 155[1]. This is the only issue presented.

The evidence of the state tended to prove that on November 11, 1966, at about 8:30 p.m., two patrolmen of the St. Louis Metropolitan Police Department, James Ketterman and Terry Schell, stopped their patrol car at the northeast corner of Sarah and Olive Streets in St. Louis where the defendant and four other Negro men were standing. Patrolman Schell was driving and Patrolman Ketterman was on the right side of the front seat. As the patrol car stopped at the curb on Sarah Street, the men "scattered" in different directions. The defendant, who was on the sidewalk

about six feet from Patrolman Ketterman, took a white box from the right pocket of his blue and white sports jacket and dropped it to the sidewalk as he started to walk north on Sarah Street. Patrolman Ketterman retrieved the box, looked at it and saw that it contained what appeared to be a stimulant drug. He pursued the defendant and apprehended him about ten to fifteen feet from the place where the box had been dropped. The corner in question was illuminated by street lights. As the officers arrived at the corner the defendant was standing with his back and right side toward them. Both officers saw the defendant take the box from his pocket and drop it.

At the trial Patrolman Ketterman identified the box and the six foil packages of yellow powder it contained as the object he saw the defendant take from his pocket and drop and as that which the officer picked up from the sidewalk. He delivered the box and packages to Robert Seto, a chemist for the police department on November 12, 1966. Mr. Seto testified that he made a chemical analysis of the yellow powder and found it to be Dextroamphetamine Sulphate which is a stimulant drug.

The defendant was the only witness in his behalf. He testified he had been convicted in Missouri of stealing a motor vehicle valued at more than $50 and had been convicted in Illinois on three counts of armed robbery. He had no previous drug conviction. On the night in question he was standing by a parked car on Olive Street near Sarah eating a polish sausage sandwich and drinking a coke which he had purchased at a nearby restaurant. No one was standing near him, but there were other people moving on the street. A patrol car stopped on Sarah Street and a police officer got out and called to him. He put down his sandwich and drink and went toward the policeman who told the defendant "don't go near your pocket" and placed him under arrest. The defendant denied that he took anything out of his pocket and dropped it. The defendant requested a directed verdict of acquittal at the end of the state's case and again at the close of all the evidence. Both requests were denied. The case was submitted to a jury which found the defendant guilty as charged.

In determining the sufficiency of the evidence to support a verdict of guilty, the appellate court must consider as true all substantial evidence favorable to the verdict together with favorable inferences that may be reasonably drawn therefrom and must reject evidence unfavorable to the verdict. State v. Turnbough, Mo., 388 S.W.2d 781, 783[4]; State v. Jones, 363 Mo. 998, 255 S.W.2d 801, 804[2]. The reviewing court does not undertake to determine the credibility of witnesses or weigh the evidence. State v. Hampton, Mo., 275 S.W.2d 356, 359[4].

The evidence favorable to the verdict is that the police officers saw the defendant take from his coat pocket a box containing packages of a powder, drop it to the sidewalk and walk away from it, that the officers immediately retrieved the box and packages and arrested the defendant, and that the powder in the packages on chemical analysis was found to be Dextroamphetamine Sulphate. This is substantial and competent evidence and is sufficient to support the jury's verdict that the defendant was guilty of having illegal possession of the contraband drug as charged. State v. Starks, Mo., 419 S.W.2d 82, 84[3]; State v. Hodge, Mo., 399 S.W.2d 65, 67[1]; State v. Baines, Mo., 394 S.W.2d 312, 316[9], certiorari denied 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008; State v. Jefferson, Mo., 391 S.W.2d 885, 888[3]; Vincent v. United States, C.A.Mo., 361 F.2d 474, 476[5]; Williams v. United States, C.A.Mo., 344 F.2d 264, 265[2], certiorari denied 382 U.S. 857, 86 S.Ct. 112, 15 L.Ed.2d 95; Vincent v. United States, C.A.Mo., 337 F.2d 891, 897[9], certiorari denied 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281, rehearing denied 381 U.S. 947, 85 S.Ct. 1775, 14 L.Ed.2d 713.

We have examined those parts of the record subject to review under S.Ct. Rule 28.02, V.A.M.R., and find them legally sufficient and free from error. Accordingly the judgment is affirmed.

All of the Judges concur.