Henry Ernest **GOURNEAU**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18899.

United States Court of Appeals
Eighth Circuit.

March 13, 1968.

Henry Ernest Gourneau, pro se.

John O. Garaas, U. S. Atty., Fargo, N. D., for appellee; Gary Annear, Asst. U. S. Atty., on the brief.

Before VOGEL, Senior Circuit Judge, LAY, Circuit Judge, and BECKER, Chief District Judge.

PER CURIAM.

Appellant, Henry Ernest Gourneau, appeals an order of the United States District Court for the District of North Dakota, Northeastern Division, denying, without a hearing, his petition filed under

28 U.S.C.A. § 2255, to vacate and set aside the sentence imposed upon him. In substance, appellant claims the indictment returned against him is not valid, the venue or place of trial is not correct, and the trial court did not have jurisdiction over the subject matter of the offense charged. We affirm.

■ Appellant's first contention challenges the validity of the indictment. In this regard, it is noted that " * * * the validity or sufficiency of an indictment is not reviewable upon appeal from an order denying a § 2255 motion." Williams v. United States, 8 Cir., 1965, 344 F.2d 264, 266; Vincent v. United States, 8 Cir., 1966, 361 F.2d 474, 476. Since appellant is an indigent prosecuting his appeal *pro se*, we will briefly consider his first contention.

The three-count indictment returned by a grand jury on October 7, 1965, charged appellant with three separate instances of the crime of incest, a violation of 18 U.S.C.A. § 1153. The jury found appellant guilty on all counts and he was sentenced on November 17, 1965, to serve ten years in prison. Appellant was represented by appointed counsel during the trial and sentencing proceedings. No direct appeal was taken from this judgment of conviction.

A review of the record in this case indicates that appellant was properly charged. The charge was brought on a grand jury indictment that is similar in form and content to the one recently approved by this court in Gunville v. United States, 8 Cir., 1967, 386 F.2d 184, 185. Contrary to appellant's contention, the grand jury foreman's signature is endorsed thereon.

The elements of the crime were also set forth in the indictment. Count one read:

"That on or about the 15th day of September, 1964, near Belcourt, North Dakota, in Indian country, within the exterior boundaries of the Turtle Mountain Indian Reservation and within the exclusive jurisdiction of the

United States of America, the above-named Defendant, HENRY ERNEST GOURNEAU, a male Indian of the age of 39 years, had sexual intercourse with a female Indian related to him within the degree of consanguinity within which marriages by the laws of the State of North Dakota are declared incestuous and void, to-wit: Margaret Ann Gourneau, his daughter, and he knew when he had said sexual intercourse that said Margaret Ann Gourneau was his daughter."

■ Counts two and three are identical with count one with the exception of the dates. Count two recites that the alleged crime occurred on or about September 17, 1964, and count three, on or about October 2, 1964. We find the indictment valid.

■ Appellant's contention that he was tried in the wrong district is also without merit for two reasons: First, this issue was not raised prior to appellant's § 2255 petition, and therefore was waived. Cope v. United States, 8 Cir., 1963, 312 F.2d 520, 521; Bistram v. United States, 8 Cir., 1958, 253 F.2d 610, 613. Second, a reading of the indictment reveals that in all counts appellant is named and it is also alleged that the unlawful acts charged took place in the District of North Dakota, Northeastern Division, since the Turtle Mountain Indian Reservation lies within this district and division. The case was tried at Grand Forks, North Dakota, which is within the Northeastern Division, so that venue was proper. See 28 U.S.C.A. § 114.

■ Appellant contends that the prosecution did not prove that the unlawful acts took place at the locations alleged in the indictment. The record clearly indicates that the victim testified as to where the incestuous acts took place and that three other government witnesses testified that the locations named by the victim and named in the indictment were geographically within the boundaries of the Turtle Mountain Indian Reservation. Therefore, there was sufficient evidence

presented to the jury from which it could and ultimately did find that the offenses occurred within the reservation.

The remaining issue raised by appellant's § 2255 petition appears to be that the District Court lacked jurisdiction because there is no federal law which specifically declares incest to be a crime.

■ As previously mentioned, Gourneau was indicted, tried, convicted and sentenced in 1965. At that time the first paragraph of 18 U.S.C.A. § 1153,[1] relating to offenses committed within Indian country, provided:

"Any Indian who commits against the person * * * of another Indian * * * any of the following offenses, namely, * * * incest * * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

Title 18 U.S.C.A. § 13 requires that the state law definition and punishment for incest be adopted. This section provides:

"Whoever within or upon any of the places [areas within federal jurisdiction] now existing or hereafter reserved or acquired * * * is guilty of any act * * * which, although not made punishable by any enactment of Congress, would be punishable if committed * * * within the jurisdiction of the State * * * in which such place is situated, by the laws thereof in force at the time of such act * * * shall be guilty of a like offense and subject to a like punishment."

It is clear from the section just quoted that incest is to be defined and punished in accordance with state law. The North Dakota law (N.D.C.C. § 12–22–06) provides:

"Any person who * * * has sexual intercourse with another person related to him within a degree of consanguinity within which marriages by the laws of this state are declared incestuous and void, knowing such other person to be within said degree of relationship, is guilty of incest and shall be punished by imprisonment in the penitentiary for not less than one year nor more than ten years."[2]

■ The record clearly indicates that Gourneau was prosecuted in accordance with the federal and state statutes cited above; therefore, the District Court had jurisdiction over the subject matter of the offense charged.

■ Gourneau attempts to raise upon appeal an issue which was not raised in the sentencing court. He has applied to this court for correction and reduction of his sentence in an effort to obtain credit for time spent in custody prior to his sentencing. See Sawyer v. United States, 8 Cir., 1967, 376 F.2d 615. Since this issue was not raised in the District Court, it cannot be considered upon this appeal. Moore v. United States, 8 Cir., 1967, 376 F.2d 32; Vincent v. United States, 8 Cir., 1966, 361 F.2d 474, 476.

The order of the District Court denying appellant's § 2255 petition is in all things affirmed. The case is remanded to the District Court for its consideration of the sentence credit issue.

1. 18 U.S.C.A. § 1153 was amended on November 2, 1966, by Congress. The first paragraph of this section was not changed insofar as the crime of incest is concerned. The third paragraph of this section, as amended, specifically provides that "incest shall be defined and punished in accordance with the laws of the state in which such offense was committed." The purpose of this amendment was to clarify the law insofar as the crime of incest is concerned, not to change it. See Legislative History—1966 Amendment, 1966 U.S.Code Cong. & Adm.News, pp. 3653–3656.

2. N.D.C.C. § 14–03–03 provides: "The following marriages are incestuous and void: 1. Marriages between parents and children * * *."