Robert K. DOMER, Petitioner-Appellant,

v.

P. G. SMITH, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.

No. 17781.

United States Court of Appeals Seventh Circuit.

Dec. 10, 1969.

Rehearing Denied Jan. 15, 1970.

Robert K. Domer, pro se.

K. Edwin Applegate, U. S. Atty., Joel M. Friedman, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before MAJOR, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

PER CURIAM.

Petitioner pled guilty in 1966, was sentenced in the District Court for Northern Ohio, Eastern Division, and lodged in the United States Penitentiary at Terre Haute, Indiana. Petitioner filed with the District Court for the Southern District of Indiana a petition for writ of habeas corpus accompanied by a motion for leave to proceed in forma pauperis. The District Court for the Southern District of Indiana denied petitioner's motion to proceed in forma pauperis holding that petitioner's attack on the jurisdiction of the sentencing court fell directly within the purview of a 28 U.S.C. § 2255 proceeding and, therefore, under the provisions of such statute, the sentencing court, the District Court for Northern Ohio, had exclusive jurisdiction. This Court granted petitioner's motion for leave to proceed in forma pauperis in order to appeal the district court's deci-

sion. We affirm the holding of the court below.

 A federal prisoner may not collaterally attack his conviction by use of habeas corpus until he has properly sought and has been denied relief in the sentencing court under the provisions of 28 U.S.C. § 2255 or has shown that a § 2255 proceeding would be inadequate or ineffective. Glenn v. Ciccone, 370 F.2d 361 (8th Cir. 1966). Petitioner claims that in his case a § 2255 proceeding would be ineffective because one of his allegations attacks the sufficiency of the Grand Jury indictment for lack of proper venue and he contends that an attack on the sufficiency of the indictment is not within the purview of a § 2255 proceeding. Petitioner's attack on the indictment brought by the Grand Jury and his attack on the arraignment and sentence of the district court is based on his contention that his sixth amendment constitutional right to be tried by a "jury of the State and district wherein the crime shall have been committed" was violated.

 The attack which the petitioner makes, even as characterized in his own motion for writ of habeas corpus, is a jurisdictional challenge. In the absence of a waiver of improper venue, such a jurisdictional attack is an appropriate subject of a § 2255 proceeding to determine if petitioner's claim of improper venue has any merit. *See* Gourneau v. United States, 390 F.2d 320 (8th Cir. 1968).

The cases upon which petitioner relies, which hold that the sufficiency of an indictment may not be challenged in a § 2255 proceeding unless the indictment is so obviously defective as not to charge an offense under any reasonable construction, are not applicable. These cases are concerned directly with the sufficiency of the indictment itself, in terms of the facts and offenses alleged, upon which the indictment is based and not with the jurisdictional question of venue. *See* United States v. Shelton, 249 F.2d 871 (7th Cir. 1958); Banks v.

United States, 239 F.2d 409 (7th Cir. 1957); *see also* United States v. Logwood, 360 F.2d 905 (7th Cir. 1966).

 Consequently, we find that a § 2255 proceeding would not be ineffective and the court below was correct in holding that since it was not the sentencing court, it did not have jurisdiction.

Affirmed.