**STATE of Missouri, Respondent,**

v.

**Milton Terry KELTON, Appellant.**

**No. 56146.**

Supreme Court of Missouri,
Division No. 1.

June 28, 1971.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Special Asst. Atty. Gen., Jefferson City, for respondent.

Robert L. Rodarte, Kansas City, for appellant.

SEILER, Presiding Judge.

Defendant appeals from his conviction by a jury of assault with intent to kill with malice aforethought, with a sentence of 25 years' imprisonment assessed by the court, the second offender act having been charged and found applicable.

One of the two points presented on appeal is that the verdict of the jury was against the weight of the evidence, which we take as being intended to assert that the evidence is insufficient to support the verdict, it being well established that we do not weigh the evidence on appeal, State v. Small (Mo.Sup.) 423 S.W.2d 750. There was evidence in the case from which the jury could have found that the complaining witness, Ewing, left a crap game in Kansas City the winner by some $200 or $300, accompanied by defendant and a third man, Brager. At Brager's insistence, he and defendant got into Ewing's car and, with Ewing doing the driving, drove around the north end of Kansas City looking for Brager's car which he had turned over to a girl named Sue. After an hour or so of fruitless driving, during which time Brager was in the front seat and defendant in the back seat, with conversation back and forth, they started to turn a corner to go to Sue's house and Ewing was shot twice in the head. He slumped over in the seat and could feel the two going through his purse and clothes. Ewing was groaning and protesting. He heard Brager say, "He's still alive. Shoot him again," and he was shot again and then all was "just pure blackness". Ewing came to several min-

utes later, tried to attract attention by honking his horn, got no help, tried to drive home and in so doing collided with another car, which resulted in the police being called and Ewing's being taken to the hospital. According to the hospital report, Ewing had been shot twice in the back. Ewing testified he did not see a gun in defendant's hand, but while they were riding around defendant told him he had a gun.

There is no merit in defendant's contention that the evidence is insufficient to support the verdict and the point is overruled.

Defendant's other point is that the trial court erred in refusing to grant defendant a continuance to obtain new counsel. The record shows that trial counsel had been employed by defendant, who was on bond. He was arraigned April 28, 1970; trial commenced May 26, 1970, and just before selection of the jury began, defendant told the court he wanted to discharge his lawyer and have time to employ another lawyer because his first lawyer also represented the co-defendant Brager. Defendant and Brager had originally been charged jointly, but then an amended information was filed against defendant alone. It is not entirely clear from the record, but apparently a bank robbery charge was also pending against Brager with representation by the same lawyer and defendant's contention was that "* * * you might have to say something out of my trial to help Brager with in his trial." The court overruled the request for a continuance and the trial proceeded without change of counsel. Defendant did not testify, but Brager did testify as a witness on defendant's behalf. Brager's testimony was that he was in the front seat of the automobile and that defendant was in the back seat asleep. Brager refused to answer any questions on cross-examination on the ground of incrimination.

The point is overruled. There is nothing to show that counsel gave defendant any-

thing other than his undivided loyalty and there are no circumstances presented which would indicate that counsel's representation of defendant was not as effective as it might have been had he not also been representing Brager. Brager, as stated, testified and did not try to throw blame on defendant, but rather said defendant was asleep.

Judgment affirmed.

All of the Judges concur.