909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry Edward NOWAK, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3732.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 Before BOYCE F. MARTIN and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Henry Edward Nowak appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2255, challenging his conviction and sentence for mail fraud in violation of 18 U.S.C. Sec. 1341. For the reasons stated here and in our earlier opinion, we affirm.
 
 
 2
 Nowak was convicted by a jury on December 5, 1985 of eleven counts of mail fraud and was acquitted of one count of conspiracy. The mail fraud was a scheme in which Nowak and his codefendant, Pete Alex, induced investors to pay $6,500 for distributorships in their company, Pacific Chemical. After receiving the investors' money, Nowak and Alex mailed them sales kits which included chemicals and a training tape made by Nowak containing false information about Pacific Chemical. The actual value of what the investors received was worth only about $2,000. On February 26, 1986, the district court sentenced Nowak to four years in prison for each count of mail fraud, with the first three terms running consecutively, and the other terms running concurrently.
 
 
 3
 Nowak appealed his conviction, but we affirmed the judgment. United States v. Nowak, No. 86-3184/3255 (6th Cir. May 7, 1987) (per curiam). Raising a number of issues previously decided, Nowak filed a habeas corpus petition on July 28, 1988. The district court, after reviewing the magistrate's recommendation, dismissed the petition without further proceedings.
 
 
 4
 We find each of Nowak's several claims to be without merit. Nowak fails to meet his burden of establishing a fundamental error of law that resulted in a miscarriage of justice. Davis v. United States, 417 U.S. 333, 346 (1974); Williams v. United States, 582 F.2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). A district court may deny a motion for habeas corpus relief without a hearing if the district court finds that the record conclusively shows that the claimant is not entitled to relief. Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983).
 
 
 5
 Nowak first contends that district judge who presided at his trial should have been recused. Nowak alleges that he heard at his arraignment that the government was pleased with the judge assigned to the case, and that the judge had sentenced another defendant in a mail fraud case to ninety-nine years in prison. These bald rumors do not satisfy the requirements for recusal under 28 U.S.C. Sec. 455.
 
 
 6
 Nowak next argues that the district court erred at his trial by admitting evidence of what Nowak calls "other offenses" during his cross-examination. The district court allowed the prosecution to question Nowak about other mail fraud schemes in which Nowak had been involved as a government informant. We resolved this issue on the direct appeal. The district court properly allowed the prosecution to question Nowak about these schemes in order to test the veracity of Nowak's direct testimony about his background. Fed.R.Evid. 608(b); see United States v. Qaoud, 777 F.2d 1105, 1112 (6th Cir.1985) (the past conduct of a witness may be probitive of truthfulness). The prosecution's cross-examination also was admissible because it showed Nowak's knowledge of how to conduct a mail fraud scheme. Fed.R.Evid. 404(b). Even if Nowak became involved in these schemes solely as a government informant, his involvement could still show his knowledge of how a mail fraud scheme works. Admission of this evidence was not unduly prejudicial because Nowak could use his redirect examination to emphasize that he had been a government informant instead of a perpetrator of the previous mail fraud schemes.
 
 
 7
 Third, Nowak argues that his trial was marred by false testimony from prosecution witnesses. This charge is without merit because Nowak presents no evidence of any falsity, other than his bare accusations. Barnett v. United States, 439 F.2d 801, 802 (6th Cir.1971) (conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence). In addition, Nowak's primary allegation of perjury concerns a conversation between Nowak and a convicted felon, Claud Blanc. In this conversation, Blanc recommended that Nowak contact Alex about setting up the company that eventually became Pacific Chemical. Nowak admits that the conversation took place, that Nowak asked for advice on finding a partner, and that Blanc recommended Alex. Nowak disputes only whether he visited Blanc at prison or whether Blanc telephoned him, which is inconsequential in light of Nowak's admissions.
 
 
 8
 Fourth, Nowak alleges that he did not receive effective assistance of counsel at his trial as required by the sixth amendment. For ineffective assistance of counsel to rise to the level of a constitutional violation, the counsel's performance must "so undermine the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Nowak's challenges to the efficacy of his attorney's trial tactics--that his attorney failed to ask certain questions and to call certain witnesses--address tactical issues that fall within the broadest discretion of a defense attorney. A review of Nowak's particular challenges does not uncover any egregious errors that are outside the range of reasonable representation.
 
 
 9
 Fifth, Nowak argues that the district court erred by not sentencing him under the sentencing guidelines, and that his sentence violates the eighth amendment prohibition of cruel and unusual punishment. The sentencing guidelines do not apply in this case because they did not take effect until November 1, 1987, nearly two years after Nowak had committed his offense. Congress amended the Sentencing Reform Act on December 7, 1987 to make the guidelines applicable only to offenses committed on or after November 1, 1987. Sentencing Act of 1987, Pub.L. No. 100-182 Sec. 2, 101 Stat. 1266. We reject Nowak's contention that this amendment was an ex poste facto law, depriving Nowak of his right to have his sentence redetermined. United States v. Haines, 855 F.2d 199, 200-01 (5th Cir.1988). See also United States v. Newman, 889 F.2d 88 (6th Cir.1989).
 
 
 10
 However, even under Nowak's argument, his current sentence remains proper. Before Congress's December 7, 1987 amendment, the sentencing guidelines would have become effective five years after the regular effective date of November 1, 1987 for an individual convicted before November 1, 1987. Sentencing Reform Act of 1984, Pub.L. No. 98-473, Sec. 235(b)(1), 98 Stat.1987, 2032. Because Nowak was convicted in 1985, the pre-guideline law governing Nowak's sentence would have remained in effect until November 1, 1992. Because the effect of the guidelines on his sentence was delayed for five years under the original law, changes within that five year period, including the December 7, 1987 amendment, cannot be ex poste facto.
 
 
 11
 In regard to Nowak's claim under the eighth amendment, a sentence of four years for each count of mail fraud certainly does not constitutes cruel and unusual punishment. There was no error in directing that counts 1, 2 and 3 be served consecutively. Each was a separate offense. United States v. Aldridge, 484 F.2d 655, 660 (7th Cir.), cert. denied, 415 U.S. 921 (1973).
 
 
 12
 Nowak's last contention, that he should receive bail pending resolution of his habeas corpus petition, is moot in light of our decision that his petition is without merit. The judgment of the district court is affirmed.