929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Athens Carl McLAUGHLIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6299.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 M.D.Tenn., No. 90-00279; Morton, J.
 
 
 1
 M.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and FEIKENS, Senior District Judge.*
 
 ORDER
 
 4
 This pro se federal prisoner appeals the dismissal of his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Following a jury trial, McLaughlin was convicted of conspiracy to distribute heroin, and three counts of possession and distribution of heroin, in the district court in 1979. Petitioner was sentenced to a cumulative 25 years imprisonment with a 3 year special parole term with respect to each conviction. On direct appeal, this court affirmed the convictions, but remanded for resentencing without the special parole term for the conspiracy conviction on the authority of Bifulco v. United States, 447 U.S. 381 (1980). Thereafter, McLaughlin, who had been free on appeal bond, fled. McLaughlin was captured in 1986, when he was resentenced to remove the special parole term.
 
 
 6
 Next, the government moved the district court pursuant to Fed.R.Crim.P. 35(a) to correct petitioner's sentence to include three year mandatory special parole terms for each of petitioner's three sentences for possession and distribution of heroin, which had been omitted upon resentencing. The district court granted the government's motion and resentenced petitioner including special parole terms, this time with petitioner in absentia.
 
 
 7
 Thereafter, petitioner filed the instant motion to vacate his sentence in the district court, alleging: (1) that the district court lacked venue in the underlying criminal case; (2) that he was not afforded an opportunity to read his presentence investigation report (P.S.I.) before his resentencing; and (3) that he was entitled to be present at the final resentencing because he was given a more onerous sentence. The district court denied the motion as without merit.
 
 
 8
 First, petitioner's claim of improper venue is not cognizable under Sec. 2255. Williams v. United States, 582 F.2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). Second, the transcript of petitioner's 1979 sentencing clearly reflects that the district court ascertained that petitioner read the P.S.I., and that he had no objections to the P.S.I.
 
 
 9
 Finally, petitioner's contention that he was resentenced to a more onerous sentence without his presence does not warrant relief because the resentencing was merely technical. The mandatory special parole terms had been imposed at the original 1979 sentencing, then inadvertently omitted at the initial resentencing following petitioner's recapture. The resentencing merely reinstated these properly imposed terms.
 
 
 10
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation