19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie L. GRIFFIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2029.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order clarifying an earlier decision to deny the relief sought in a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lonnie Griffin and two co-defendants were convicted after a jury trial of multiple counts in connection with an extensive cocaine distribution operation. The convictions were affirmed on direct appeal by a panel of this court. United States v. Gray, Nos. 91-1242/1262/1265 (6th Cir. March 24, 1992). Griffin thereafter filed a motion to vacate sentence. The district court summarily denied the motion and Griffin appealed. A panel of this court decided to vacate and remand the cause in order to give the district court an opportunity to provide its reasoning for the denial. Griffin v. United States, No. 92-2329 (6th Cir. March 17, 1993).
 
 
 3
 On remand, the district court directed the parties to file responsive pleadings "clarifying the issues raised in Petitioner's motion, with a brief and affidavit(s)...." The parties did so respond and the district court subsequently reaffirmed its earlier decision. The court addressed Griffin's ineffective assistance of counsel claim as set forth in the original Sec. 2255 motion and articulated the reasons behind the denial of the motion. This appeal followed. The parties have briefed the issues; Griffin is proceeding without benefit of counsel.
 
 
 4
 Lonnie Griffin was indicted and convicted for his role in an extensive cocaine transportation and distribution network as well as being a felon in possession of firearms. The evidence adduced against Griffin, characterized as "overwhelming" in the decision affirming the direct appeal, firmly established Griffin's guilt as the major figure in a sophisticated illicit drug network and as a felon in possession of firearms.
 
 
 5
 Griffin's original Sec. 2255 motion set forth three grounds for relief: ineffective assistance of counsel, a Fourth Amendment violation and an improper ex parte communication between the prosecution and the trial judge. Although Griffin purported to add four claims after remand, these claims are, in reality, all allegations that the trial court did not have venue to try four of the counts in the indictment. The district court's order on remand spoke only to the ineffective assistance aspects of Griffin's motion. In so doing, the court did not address Griffin's claims of improper venue and due process violations and treated the Fourth Amendment claim as part and parcel of the ineffective assistance allegation.
 
 
 6
 Griffin sets forth two issues in his appellate brief. He initially contends that, overall, the district court decision again is insufficient to permit appellate review of the district court's rationale. Griffin also argues that the district court's failure to address the merits of claims three through seven, the latter four being first advanced on remand, constitutes reversible error.
 
 
 7
 Griffin's first assignment of error lacks merit. The first appeal of the decision denying the motion to vacate resulted in a order from this court directing the trial court to "make findings [of fact] and conclusions [of law] so that review of the merits on appeal is possible. The preferred practice is to explain the legal grounds for dismissal of each issue raised." On remand, the district court followed the appellate mandate; the decision on appeal contains a detailed recitation of the findings and governing law that persuaded the court to conclude the ineffective assistance of counsel claim was meritless.
 
 
 8
 Griffin's second assignment of error is slightly more problematic. Griffin contends that the court ignored two original claims and the four additional claims added after remand in response to the order inviting further responsive pleading and evidentiary material. Griffin's assignment appears, in part, to be well made. For whatever reason, the district court treated the Sec. 2255 motion as one presenting only an overarching ineffective assistance claim despite the plain language to the contrary in the original motion. Therefore, this assignment has some merit even if the order directing responsive pleading is interpreted as being confined to matters already pleaded. The analysis of this claim, however, does not end with this conclusion for it is clear that whatever error occurred in this regard is harmless.
 
 
 9
 The two claims not specifically or separately addressed by the district court are devoid of merit. Griffin's Fourth Amendment claim is an attempt to contest the legality ab initio of an alleged warrantless search of his 1989 Chevrolet Corvette which produced an empty ammunition clip and an amount of currency. This claim could have been raised on direct appeal but was not. He has therefore waived his right to make these challenges in a collateral attack absent a showing of cause to excuse the failure to appeal the issues and actual prejudice resulting from this failure. United States v. Frady, 456 U.S. 152, 167-68 (1982). It is incumbent upon the defendant to demonstrate not just the possibility of prejudice but that the errors complained of worked to his actual and substantial disadvantage. Id. at 170. Griffin has made no effort to satisfy this "cause and prejudice" test. Indeed, the legality of the search of the Corvette vis-a-vis other items found therein was contested, unsuccessfully, on direct appeal. This ground for relief is patently meritless.
 
 
 10
 Griffin's third claim, that the prosecution engaged in an improper ex parte communication with the trial court, is likewise meritless. This ground for relief has, at its source, the fact that on May 3, 1990, Griffin's trial counsel did fail to appear at a scheduled pre-trial conference at which routine discovery matters were to be discussed. This fact, standing alone, does not amount to a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or a violation of due process, United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam), such that Sec. 2255 relief would lie. First, this claim could have been raised on direct appeal but was not and is subject to dismissal under Frady. Secondly, there is absolutely no indication or allegation that this "ex parte" communication acted to the prosecution's benefit or to Griffin's detriment. In fact, the evidentiary material in the record completely negates this inference.
 
 
 11
 It is noted in conclusion that Griffin's second assignment of error does not merit reversal even if we view the district court's "responsive pleading" order as one inviting new grounds for relief. The four grounds asserted in Griffin's latter pleading that were not specifically dealt with by the district court are allegations that proper venue for Griffin's criminal trial did not lie in the trial court. The law in the Sixth Circuit precludes consideration of these contentions on collateral attack. Williams v. United States, 582 F.2d 1039, 1040-42 (6th Cir.), cert. denied, 439 U.S. 988 (1978). The appeal lacks merit.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.