98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie L. GRIFFIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2218.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Lonnie Griffin was sentenced to life imprisonment after being found guilty of a number of crimes stemming from his involvement with a large scale cocaine distribution conspiracy. A panel of this court affirmed Griffin's conviction in its entirety. United States v. Gray, Nos. 91-1242/1262/1265, 1992 WL 56997 (6th Cir. March 24, 1992) (per curiam). In 1992, Griffin filed a § 2255 motion to vacate in which he challenged the constitutionality of the conviction on Sixth Amendment grounds. The district court denied the motion and a panel of this court affirmed the decision in all respects. Griffin v. United States, No. 93-2029, 1994 WL 102985 (6th Cir. March 25, 1994) (order), cert. denied, 115 S.Ct. 362 (1994).
 
 
 3
 In 1994, Griffin filed the present § 2255 motion in which he challenged his underlying conviction for lack of venue and on double jeopardy grounds. The government responded and the district court ultimately denied the motion. This appeal followed. The parties have briefed the issues; Griffin is proceeding without benefit of counsel. In addition, Griffin filed motions seeking oral argument and the appointment of appellate counsel.
 
 
 4
 The district court denied Griffin's motion on the merits primarily on the basis of a Fifth Circuit opinion. This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 5
 Griffin was indicted on April 18, 1990 for his role in the cocaine distribution scheme. On May 3, 1990, the government initiated a civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) (proceeds from prohibited sale of controlled substances) against Griffin's real and personal property located at 2918 Burns, Detroit, Michigan. A panel of this court characterized the course of this forfeiture in the following manner:
 
 
 6
 The record reflects that Griffin received actual and constructive notice, and a stipulation for sale of the real property was executed by Griffin with counsel. However, Griffin did not file an answer to the complaint, and the district court subsequently granted default judgment for the government on its complaint.
 
 
 7
 United States v. Real Property 2918 Burns, No. 94-1584, 1994 WL 698003, at ** 1 (6th Cir. Dec. 13, 1994) (order).
 
 
 8
 Griffin was later convicted on all counts contained in the indictment. Griffin pursued a direct appeal, but he did not argue that his conviction and sentence had been obtained in violation of Fifth Amendment double jeopardy prohibitions nor did he raise any Fifth Amendment claims in his initial motion to vacate.
 
 
 9
 Griffin filed the present motion to vacate and set forth two central grounds for relief. First, Griffin contended that the criminal conviction following the civil administrative forfeiture was violative of Fifth Amendment double jeopardy proscriptions. Griffin also contended that the district court was without jurisdiction to conduct the underlying criminal trial. The district court relied heavily on a Fifth Circuit decision in denying the double jeopardy claim and cited to an earlier decision of the Sixth Circuit in summarily rejecting Griffin's "jurisdiction" claims.
 
 
 10
 It is initially noted that Griffin set forth his various allegations of improper jurisdiction in his previous § 2255 motion. The district court properly noted that these contentions had been raised and rejected by this court in a previous appeal and that there was no reason to revisit these claims. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 11
 It is clear that Griffin did not participate in, nor was placed in jeopardy by, the administrative forfeiture proceedings. United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994). Double jeopardy cannot exist without a former jeopardy. Serfass v. United States, 420 U.S. 377, 389 (1975). This alone is sufficient support for the district court's decision. In addition, Griffin's property was forfeited pursuant to the terms of 21 U.S.C. § 881(a)(6) as the proceeds of illicit drug transactions. The § 881(a)(6) forfeiture does not constitute punishment for double jeopardy purposes regardless of Griffin's participation. United States v. Salinas, 65 F.3d 551, 553-54 (6th Cir.1995).
 
 
 12
 Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation