**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dale William OKENFUSS,**
**Defendant–Appellant.**

No. 80–1275
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 8, 1980.

Karen K. Brown, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal. Public Defender, Houston, Tex., for defendant–appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

Dale William Okenfuss was convicted of mailing a threatening letter in violation of 18 U.S.C. § 876. The letter was sent to Daniel Kamin, a former district attorney of Nueces County, Texas, who had previously prosecuted Okenfuss on state criminal charges. Okenfuss seeks a reversal of his conviction because of improper and prejudicial prosecutorial conduct at his trial. Although we disapprove of the actions and trial technique employed by Assistant United States Attorney Robert Berg, we affirm the conviction on the ground that the prosecutorial misconduct involved did not rise to the level of plain error affecting the substantial rights of Okenfuss.

### Facts

Okenfuss was convicted after a one–day jury trial. During the course of the proceeding, Berg seized upon every opportunity to argue with both defense counsel and the court, often over insignificant points. He repeatedly objected to defense counsel's questioning, frequently on grounds already overruled by the trial judge. At one point, after his objection on the ground of irrelevancy had been sustained, Berg continued to argue with the court and with Gustavo L. Acevedo, the defense counsel. The trial judge rebuked Berg, saying:

THE COURT: Sit down, Mr. Berg. You keep popping up for no reason at all.

MR. BERG: Well, if it please the Court, Your Honor—

THE COURT: You get up and I overrule you, you get up, I overrule you on the same thing from time to time. Now sit down and let's get this thing tried. (T. 74). Nevertheless, the prosecutor remained contentious, prompting the judge later to remark, in response to defense counsel's objection that the prosecutor was arguing before the jury:

THE COURT: You have been making an argument for three minutes, or four minutes. Now don't do it again, Mr. Berg. I am getting tired of the fact that you can't keep your mouth shut.

MR. BERG: May I say one other thing, Your Honor?

THE COURT: No. Sit down. (T. 138). Obviously frustrated by the prosecutor's obdurate efforts to disrupt the progression of the trial, the trial judge told Berg to "sit down" no less than eighteen times during the course of the one–day trial. A few additional examples may serve to illustrate the tenor of the proceeding:

MR. BERG: Counsel has had plenty of opportunity to show the article to the jury already, Your Honor.

MR. ACEVEDO: I did not, Your Honor.

THE COURT: Well, we are not going to get into that Mr. Berg. Sit down.

MR. BERG: May I make an observation, Your Honor?

THE COURT: No. (T. 113).

\*   \*   \*   \*   \*   \*

THE COURT: You have talked long enough. Sit down, Mr. Berg. (T. 115).

\*   \*   \*   \*   \*   \*

MR. BERG: If it please the Court, Your Honor, that is nothing but a rank sidebar remark.

THE COURT: Sit down, Mr. Berg. Let him go ahead.

MR. BERG: Your Honor, may I move the Court to instruct the jury to disregard his comment that he has already objected to it?

THE COURT: You have made enough [sidebar remarks] yourself. Now sit down and let's get on with this.

MR. BERG: Then is Your Honor giving me permission to make sidebar remarks?

THE COURT: No, I am not, but you have been making them and I don't want you making them any more and quit complaining about it when somebody else makes one.

MR. BERG: All right.

THE COURT: Now sit down.

MR. BERG: May I say one other thing?

THE COURT: No.

(T. 135).

### Plain Error

Defense counsel lodged no objection to the prosecutor's conduct at trial. An objection may have been forthcoming at one point after the prosecutor referred to defense counsel's attempt to introduce hearsay evidence as a "stunt." The defense counsel said, "Your Honor, I'm going to object–" but was interrupted by the prosecutor before he could finish the sentence. (T. 73). There was no attempt to complete the objection and no indication that it was directed at anything other than the classification of the evidence as hearsay. The closest the defense came to objecting to the manner in which the prosecution was being conducted was with regard to a sidebar remark by the prosecutor which labeled the defense counsel's actions a "scam." (T. 174). The court sustained the objection and admonished the jury to disregard the prosecutor's sidebar remark. The objection and the admonition were limited to the specific sidebar remark at issue and did not amount to an objection based on the prosecutorial misconduct throughout the trial.

The prosecutor's behavior was improper and is in no way condoned by this court. Nevertheless, the absence of either a timely objection, a request for an admonition to the jury, or a motion for a mistrial on the part of the defense, prevents us from reviewing the complaint unless it constitutes plain error under Fed.R.Crim.P. 52(b).[1] We previously have held that this is the proper standard of review in cases where no objection was made at trial to prosecutorial misconduct. *United States v. Veytia–Bravo*, 603 F.2d 1187 (5th Cir. 1979); *United States v. Juarez*, 566 F.2d 511 (5th Cir. 1978). The test to be applied is well–settled: "Does the prosecutor's argument, taken as a whole in the context of the entire case, prejudicially affect substantial rights of the defendant?" *United States v. Corona*, 551 F.2d 1386, 1388 (5th Cir. 1977), *citing Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Rodriguez*, 503 F.2d 1370 (5th Cir. 1974); *United States v. Rhoden*, 453 F.2d 598 (5th Cir. 1972). Okenfuss argues that his substantial right to a fair trial was violated.

Prosecutorial misconduct has been the basis for reversal of convictions in our circuit, even absent a timely objection at trial. *United States v. Labarbera*, 581 F.2d 107 (5th Cir. 1978); *United States v. Corona, supra*. But in these cases cumulative errors, including suggesting guilt by association, indicating that the prosecutor had knowledge of evidence not being presented to the jury which established the defendant's guilt, and presenting the evidence in a false light thereby misleading the jury, grossly prejudiced the defendant's right to a fair trial.

At the trial of Okenfuss, the conduct of the prosecutor, although unprofessional, was much less egregious. In fact, Berg's ungentlemanly denouncement of defense

---

1. Fed.R.Crim.P. 52 provides:

    (a) Harmless error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

    (b) Plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

counsel and constant bickering with the court may have prejudiced the government more than the defendant. We are persuaded that the judge's frequent and severe reprimands of the prosecutor, in front of the jury, sufficiently mitigated any harm which might otherwise have been caused to Okenfuss' defense.

Viewing the prosecutor's remarks in the context of the entire record to determine their impact on Okenfuss' right to a fair trial, *United States v. Gipson*, 593 F.2d 7 (5th Cir. 1979); *United States v. Juarez, supra,* we reach the conclusion that his substantial right to a fair trial was not adversely affected.

It may seem inconsistent for us to hold that the prosecutor's remarks were improper and yet affirm the conviction. We are not unmindful of the prosecutor's responsibility to strive for fairness and justice in the judicial system. The words of Justice Sutherland in *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), express our sentiments:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

Nevertheless, Okenfuss' right to a reversal of his conviction does not depend on the bad faith of the prosecutor or the egregiousness of his actions. Rather, reversal depends upon whether such misconduct deprived him of a fair trial. We have not found this

to be the case. Sanctions other than the reversal of a conviction exist for disciplining counsel and, in the proper case, should be imposed by the district court.

AFFIRMED.