UNITED STATES of America,
Plaintiff-Appellee,

v.

Eddie CHISEM, Defendant-Appellant.

No. 81–4211
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1982.

Charles L. Clark, University of Mississippi, School of Law, University, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Thomas W. Dawson, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant, Eddie Chisem, was convicted on one count of passing a counterfeit $100 bill with intent to defraud in violation of 18 U.S.C. § 472.

I. *Was the Evidence Sufficient?*

We view the evidence most favorably to the government under *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The evidence reveals that on February 7, 1981, a black man wearing sunglasses and resembling the description of defendant purchased a fifth of Calvert whiskey for about $6.00 at a liquor store in Maben, Mississippi. The purchaser tendered a $100 bill which was counterfeit. Shortly thereafter, a black man wearing sunglasses, again fitting the description of the defendant, purchased another fifth of whiskey with a $100 bill at a second and nearby liquor store.

Four days later defendant upon questioning by an agent of the United States Secret Service after full warning as to his rights, gave a statement in which he described his activities on the evening in question. He admitted that he made similar six or seven dollar purchases of whiskey at three liquor stores while accompanying one Jerry Vance for whom he worked in the pulpwood business. In each instance, Vance handed him the $100 bill and had him go in and purchase the liquor. When he brought the change to him, Vance put the change in his shirt pocket rather than back in his billfold where he had been carrying the $100 bills.

Defendant was charged with passing the $100 counterfeit bill in each of the first two instances. His defense at the trial was an alibi, in spite of his earlier inculpatory statement. The jury convicted him on the count charging passing the second $100 bill and acquitted him on the count charging passing of the first $100 bill.

On this appeal, Chisem does not deny that he passed the counterfeit bill. His defense is that he did not know that the bill was counterfeit at the time it was passed. His statement which he gave four days later does not in any way concede a guilty knowledge as to the counterfeit nature of the bill at the time he passed it, although it does concede that he concluded a few days later that the bills he had passed were counterfeit. His assertion on this appeal is that he was the "unknowing patsy" for Jerry Vance in passing the counterfeit bills.

■ A conviction under 18 U.S.C. § 472 requires proof that the accused knew the bills were counterfeit and had an intent to defraud in passing them. *United States v. Staller,* 616 F.2d 1284, 1292 (5th Cir. 1980), *cert. denied,* 449 U.S. 869, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980). "Possession or passing, standing alone, is not sufficient to establish the necessary knowledge." *United States v. Gonzales,* 617 F.2d 104, 107 (5th Cir. 1980), *cert. denied,* 449 U.S. 868, 101 S.Ct. 102, 66 L.Ed.2d 86 (1980). However, defendant's knowledge that the bills were counterfeit "may be inferred from circumstantial evidence, and the surrounding circumstances may supply inferences of knowledge which adequately prove intent." *United States v. Rice,* 652 F.2d 521, 526 (5th Cir. 1981).

■ In this case, the circumstantial evidence surrounding the passing of the bill established the guilty knowledge to a level

inconsistent with every reasonable hypothesis of his innocence, the standard which must be met. *United States v. Allison*, 616 F.2d 779, 784 (5th Cir. 1980), *cert. denied*, 449 U.S. 857, 101 S.Ct. 156, 66 L.Ed.2d 72 (1980). Chisem admitted in his statement that he passed three $100 bills while accompanying Jerry Vance on the night of February 7. In each instance Vance handed him the $100 bill. After the purchase when he handed the change back to Vance, Vance put the change in a pocket separate from the billfold where he kept the $100 bills. In addition, Chisem wore sunglasses at night when he was passing the bills. Further, when he was originally questioned by the U. S. Secret Service agent he replied that he had been home all evening on the night in question, and only later changed his story when confronted with other evidence that he had been with Vance on that night. There was also evidence that Vance had handed Chisem a $100 bill at work a few days before February 7 and asked him if he saw anything wrong with it. When Chisem told Vance that he did not, Vance took the bill away, laughed, and departed.

The verdict of the jury actually shows a sophisticated understanding of the reason why the circumstantial evidence establishes appellant's guilty knowledge inconsistent with any reasonable hypothesis of his innocence. He might have not known that the bills were counterfeit on the first purchase, and the jury acquitted him of guilt on that purchase. But then when he was taken to another nearby liquor store and handed another $100 bill, rather than handed the change from the first $100 bill to make the purchase, the jury found the requisite guilty knowledge when combined with all the other evidence.

It must be concluded the jury verdict finding Chisem guilty of passing the second counterfeit $100 bill with intent to defraud is supported by evidence in the record which removes every reasonable hypothesis of appellant's innocence.

## II. Did the Prosecutor Make a Significant Factual Misstatement?

Appellant also contends that the prosecutor misstated the evidence in closing argument when he said that the three passings of the counterfeit $100 bills occurred in a matter of minutes and that an irrelevant episode involving Vance picking up another friend between the first and second passing was misstated by the prosecutor as having occurred between the second and third passing.

■ No objection was lodged to this statement by the prosecutor at the time it was made in closing argument. We are therefore precluded from reviewing this claim unless it constitutes "plain error". Fed.R.Crim.P., Rule 52(b). *United States v. Okenfuss*, 632 F.2d 483, 485 (5th Cir. 1980). Under *Okenfuss*, we must evaluate whether the prosecutor's comments taken as a whole in the context of the entire case substantially prejudiced defendant's rights. The comments about the passings within minutes are supported by the testimony of the two liquor store cashiers, who both testified that the passings occurred around 8:30 p. m. The prosecutor's comment, then, concerning when the unidentified man was picked up, even if it was an intentional misstatement about the contents of Chisem's written statement, does not constitute plain error. *Compare, United States v. Walker*, 613 F.2d 1349, 1355 n.12 (5th Cir. 1980), *cert. denied*, 446 U.S. 944, 955, 100 S.Ct. 2172, 2925, 64 L.Ed.2d 800, 813 (1980). The assertion itself was not of sufficient importance to the entire trial to make a significant difference, in view of the fact that the prosecutor's argument did not contain other factual misstatements.

## III. Was the Failure of Defendant to Testify Commented Upon?

Although we have thus far disposed of the two contentions raised by appellant on this appeal, we note and raise a third issue shown by the record which deserves comment. Fed.R.Crim.P., Rule 52(b); *United States v. Musquiz*, 445 F.2d 963 (5th Cir. 1971). The prosecutor argued in his summation:

I think the issue is clear-cut. Either you believe Mr. Smith and all the other

agents, or all the other witnesses, excuse me or you've got to believe *what Eddie Chisem says through his counsel about not being involved in all of this.* (emphasis added).

 No objection to this statement was made at the trial. It could be argued, however, that the comment was a reference to the defendant's failure to testify. It is, of course, well-established that the government may not comment on defendant's silence. *United States v. Bright*, 630 F.2d 804, 825 (5th Cir. 1980). The Court may reverse for improper comment by the prosecutor on failure to testify when either: (1) the prosecutor's intent was to comment on defendant's failure to testify; or (2) when the character of the remark was such that the jury would naturally and necessarily construe it as a comment on defendant's silence. *United States v. Jones*, 648 F.2d 215, 218 (5th Cir. 1981).

 In this instance the intent of the prosecutor in making the comment seems to be clear. He was comparing the evidence put on by the government with the alibi evidence which had been presented as Chisem's defense by his attorney. This appears as the clear intent of the statement, not a comment on Chisem's silence. Further, it seems highly unlikely that the jury would have necessarily construed this statement as a comment on defendant's silence. Rather, they could be expected to see it as a comment upon Chisem's defense as presented by his attorney. We cannot find this comment to be plain error under Fed.R. Crim.P., Rule 52(b).

Finding that the evidence supports the jury's verdict in this case and finding no error in law, the conviction of Eddie Chisem for knowingly passing a $100 counterfeit bill is

AFFIRMED.