**UNITED STATES of America,**
**Plaintiff-Appellee,**

*v.*

**Andrea SARDELLI,**
**Defendant-Appellant.**

**No. 86–2194.**

United States Court of Appeals,
Fifth Circuit.

March 19, 1987.

Jack B. Zimmerman, Jim E. Lavine, Albert M. Dworkin, Houston, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before VAN GRAAFEILAND,* HIGGINBOTHAM, and JONES, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Andrea Sardelli appeals from a judgment of the United States District Court for the Southern District of Texas convicting him, after a jury trial before Judge Sterling, of making false statements in a loan application to the Small Business Administration. 15 U.S.C. § 645(a). We reverse and remand for a new trial.

Sardelli's troubles began in 1980 when he pled guilty in the United States District Court for the District of Vermont to a charge of making a false statement to a federally insured bank. 18 U.S.C. § 1014. This charge was based on Sardelli's deposit of a kited check. Execution of his one-year prison sentence was suspended, and he was placed on probation for three years. One year later, Sardelli applied for a Small Business Administration loan in Houston, Texas. John Diaz, a professional consultant, testified on behalf of the Government that he assisted in the preparation of Sardelli's application.

* Circuit Judge of the Second Circuit, sitting by designation.

The "Statement of Personal History" which accompanied the application asked three questions which are pertinent to this appeal, (1) whether Sardelli had been arrested for a criminal offense, (2) whether he had been convicted, and (3) whether he was on probation. Sardelli, who had signed the application form in blank, told Diaz about his arrest and conviction, and Diaz answered the first two questions correctly. However, Sardelli told Diaz only that he had received a suspended sentence, and Diaz, who did not equate this with probation, answered the third question in the negative. It was this answer that led to Sardelli's conviction. Sardelli now urges five grounds for reversal, only three of which merit discussion.

## I

Approximately nine months after Sardelli misstated his status as a probationer, the Supreme Court held in *Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982), that 18 U.S.C. § 1014 does not proscribe the deposit of a bad check in a federally insured bank. Thereafter, the Vermont district court granted Sardelli's motion to withdraw his guilty plea and vacate his conviction. Sardelli contends that, because of the *Williams* holding, the Vermont district court never had jurisdiction to hear the charges against him and therefore it was "legally impossible" for him to have falsely stated in 1981 that he was not then on probation. This argument is without merit.

■ Jurisdiction is the authority conferred upon a court to decide a given type of case one way or the other. *Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974). Because 18 U.S.C. § 1014 states an offense against the United States, the Vermont district court had jurisdiction to hear cases in which its violation was charged. *See Camp v. United States*, 587 F.2d 397, 399 (8th Cir.1978). When the Supreme Court in *Williams, supra*, reversed the defendant's conviction, it did not hold that the trial court was without jurisdiction. Instead, in the words of Justice White who dissented, the reversal was "on the grounds that the Government has not shown that [the defendant] made a 'false statement or report' or 'willfully overvalue[d] any land, property or security.'" 458 U.S. at 291, 102 S.Ct. at 3095. The Court did not invalidate the statute; it simply held that Williams did not violate it. The same was true of Sardelli. The fact that Sardelli's conviction was vacated does not mean that the district court was without jurisdiction to try him.

■ Even if there were merit in Sardelli's jurisdiction argument, this would not help his case. Sardelli's conviction here was not based upon his prior conviction in Vermont, but upon his statement that he was not on probation. When he made that statement, it was false. The fact that the Vermont conviction later was held invalid did not make his statement any the less false. *United States v. Ransom*, 545 F.2d 481, 483–84 (5th Cir.), *cert. denied*, 434 U.S. 908, 98 S.Ct. 310, 54 L.Ed.2d 196 (1977); *Cassity v. United States*, 521 F.2d 1320, 1323 (6th Cir.1975); *see Lewis v. United States*, 445 U.S. 55 (1980).

It is interesting to note that in Sardelli's brief before this Court, he says, with reference to his 1980 conviction:

Execution of sentence was suspended and the Appellant was placed on probation for three years.

This, we suggest, is what Sardelli should have told the Small Business Administration in 1981.

## II

Sardelli's counsel emphasized in his summation that the defense had called no witnesses because it was willing to rest on the weakness of the Government's case. In response to this argument, the prosecutor said:

Mr. Zimmermann told you that Mr. Sardelli did not take the stand, and he wanted you to draw certain inferences from that. You decide the facts in this case, but the law you must take from His Honor. And I believe His Honor will tell you that you can make no inferences—

none—from Mr. Sardelli not taking the stand.

When defense counsel's objection to this comment was overruled, the prosecutor continued:

Isn't it peculiar how Mr. Zimmermann likes to argue things but doesn't want the whole thing brought out to you.

Appellant contends that these statements, taken together, violated the well-settled rule that comment by the prosecution on a defendant's failure to testify is a violation of the Fifth Amendment. *United States v. Bright*, 630 F.2d 804, 825 (5th Cir.1980). Although we would not recommend that the prosecutor's first-quoted comment be incorporated in a form book on model summations, standing alone, it might have survived Sardelli's constitutional challenge. *But see Lakeside v. Oregon*, 435 U.S. 333, 345–46, 98 S.Ct. 1091, 1097–98, 55 L.Ed.2d 319 (1978) (Stevens, J., dissenting). However, on the facts of the instant case, when the prosecutor continued as he did, he went too far.

■ Where arguably favorable evidence other than the defendant's own testimony is available to him, comment upon his failure to produce it may be justified. *United States v. Jennings*, 527 F.2d 862, 871 (5th Cir.1976); *Garcia v. United States*, 315 F.2d 133, 137 (5th Cir.), *cert. denied*, 375 U.S. 855, 84 S.Ct. 117, 11 L.Ed.2d 82 (1963). However, in the instant case, it is quite obvious that the prosecutor's comments referred to Sardelli, since the only knowledgeable witnesses other than Sardelli himself had been produced by the Government. Moreover, Sardelli's purpose and intent were crucial issues in the case, and the prosecutor twice mentioned Sardelli by name when commenting on the absence of defense evidence. We are satisfied that the jury would "naturally and necessarily" construe the prosecutor's remarks as a comment on defendant's silence. *See United States v. Chisem*, 667 F.2d 1192, 1195 (5th Cir.1982) (per curiam).

We need not decide whether, if this were the only error in the case, it properly could be treated as harmless. *See United States v. Hasting*, 461 U.S. 499, 507–12, 103 S.Ct. 1974, 1979–82, 76 L.Ed.2d 96 (1983). When it is coupled with the evidentiary error hereafter discussed, the cumulative effect mandates reversal.

### III

Sardelli's Vermont indictment contained eighteen counts. The first fourteen charged him with transporting stolen cattle across State lines, and the other four charged him with four separate incidents of check kiting. Seventeen of these counts were dismissed when Sardelli pled guilty to one count of check kiting. Nevertheless, the district court, over Sardelli's objection, permitted the Government to offer the entire indictment into evidence, ostensibly to establish that Sardelli knew he was on probation. This was clear error, the prejudice of which was exacerbated when the court refused to give any cautionary instructions.

■ It is "hornbook law" that indictments are not evidence of guilt, *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976); a jury may not be told of arrests or indictments which are not followed by a conviction, *United States v. Labarbera*, 581 F.2d 107, 108–09 (5th Cir.1978); *Hurst v. United States*, 337 F.2d 678, 681 (5th Cir.1964). Sardelli was on probation only because of the one count on which he was convicted, not the seventeen counts that were dismissed. The prosecutor's offer of the entire indictment was simply a device to get improper evidence before the jury.

■ To be admissible, evidence of other crimes must meet a two-step test: (1) it must be relevant to an issue other than the defendant's character and (2) it must possess probative value that is not substantially outweighed by its undue prejudice. *United States v. Lemaire*, 712 F.2d 944, 946 (5th Cir.), *cert. denied*, 464 U.S. 1012, 104 S.Ct. 535, 78 L.Ed.2d 716 (1983). Moreover, "evidence of an extrinsic offense is relevant to intent only if the act in fact occurred and the defendant in fact committed it." *Id.* Evidence that Sardelli was indicted on the seventeen dismissed counts satisfied neither of the foregoing requirements. Its admission was prejudicial error.

## IV

Because we are reversing on other grounds and because the district court's charge, viewed as a whole, fairly summarized the law and the parties' contentions, we see no need to discuss Sardelli's relatively insignificant claims of instructional error.

The judgment of conviction is reversed, and the matter is remanded to the district court for retrial.