**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Gene ENZOR,
Defendant-Appellant.**

No. 86–4485.

United States Court of Appeals,
Fifth Circuit.

June 18, 1987.

Beth Coche, David G. Hill, (Court-appointed), Oxford, Miss., for Enzor.

Thomas W. Dawson, Asst. U.S. Atty., Robert Q. Whitwell, U.S. Atty., John M. Alexander, Asst. U.S. Atty., Oxford, Miss., for U.S.

Before CLARK, Chief Judge, POLITZ, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Billy Gene Enzor, an inmate at the Mississippi State Penitentiary at Parchman, appeals from his conviction following a jury trial for sixteen counts of falsely altering United States Postal Service money orders in violation of 18 U.S.C. § 500. He argues among other things that the district court erred in admitting testimony of the number of prosecutions and convictions arising from a money order scam at Parchman. We agree with Enzor that the testimony was not relevant to his case and was highly prejudicial, denying his constitutional right to a fair trial. Accordingly, we reverse the conviction and remand for a new trial.

## I

In April 1985, Enzor was an inmate at the penitentiary at Parchman, Mississippi. According to the testimony of Correctional Officer Travis Burchfield, Burchfield observed Enzor attempting to alter a money order with a razor blade. Burchfield testified that he then entered the cell, and Enzor tore the money order in half. Burchfield retrieved the torn money order and took Enzor to the cell block security officer. Burchfield and another officer then returned to Enzor's cell and discovered sixteen United States Postal Service money orders, each altered to reflect a payable amount of either $500 or $700.

On November 14, 1985, a grand jury returned a sixteen count indictment against Enzor for the knowing, false, and material alteration of a United States Postal Service money order, in violation of 18 U.S.C. § 500. After trial, the jury found Enzor guilty on all counts.

## II

Enzor contends that his conviction must be reversed because the district court, over Enzor's objection and motion for mistrial, improperly admitted the testimony of Postal Inspector Trueax about other money order violations not involving Enzor. The disputed testimony occurred during the government's direct examination:

Q. Mr. Trueax, in your investigation there at Parchman Penitentiary regarding these postal money orders, how many—How many different investigations have you performed, you and other inspectors?

A. Several hundred.

Q. Have you presented a large number of those to the United States Attorney for prosecution?

A. Yes, sir, we have.

Q. All right. How many indictments have been returned by the Grand Jury?

A. Thirty-five.

Q. Okay. How many have been convicted?

A. Thirty-two.

Q. What about the others, what is their status?

A. This trial here and two pending trials.

Enzor argues that this evidence is not relevant to his case and that in any case its prejudicial impact outweighs its probative value. In *United States v. Sardelli*, 813 F.2d 654, 657 (5th Cir.1987), we stated: "To be admissible, evidence of other crimes must meet a two-step test: (1) it must be relevant to an issue other than the defendant's character and (2) it must possess probative value that is not substantially outweighed by its undue prejudice." Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

We agree with Enzor that this extrinsic offense testimony is entirely unrelated to his case. The testimony does not refer to any act committed by Enzor. Moreover, no connection was made between the activities of Enzor and any widespread money order scam at Parchman. There was no reason for the testimony about the number of money order fraud prosecutions other than its prejudice.

The government argues that Trueax's testimony about the number of prosecutions and convictions was the foundation for Trueax's opinion testimony. This is nonsense. The government never offered Trueax as an expert witness, and the district court never accepted Trueax as one. The government contends that "[t]here was no suggestion that Enzor should be convicted for any other reason than the largely uncontradicted evidence, and the cry of generic prejudice notwithstanding, there has been no alleged or demonstrated specific prejudice to the defendant." We are not persuaded. Trueax's testimony—35 were prosecuted, 32 convicted, this trial and two others pending—says one thing to the jury: "In every other case involving the Parchman money order scam the jury has convicted, you should too." Enzor was already a convict but he was nonetheless entitled to a fair trial—a trial he was denied. *Cf. Shows v. M/V Red Eagle*, 695 F.2d 114, 119 (5th Cir.1983) ("[W]e are left with the firm belief that this evidence was wafted before the jury to trigger their punitive instincts and there is a great risk that it did so."); *see also* S. Saltzburg & K. Redden, Federal Rules of Evidence Manual 101–04 (3d ed. 1982).

REVERSED and REMANDED for a new trial.