Earl WILLIAMS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 64 C 382(1).

United States District Court
E. D. Missouri, E. D.

Dec. 7, 1964.

Supplemented Opinion Dec. 17, 1964.

---

9. These cases involved ex parte communication between the court and counsel for one party.

Earl Williams, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for respondent.

HARPER, Chief Judge.

The petitioner's motion under 28 U.S. C.A. § 2255 seeks to vacate and set aside a sentence of twenty years imprisonment imposed upon a jury verdict for violation of the narcotic laws, which conviction was affirmed, by the Appellate Court, 8 Cir., 328 F.2d 256.

The grounds for the motion are:

1) That petitioner was arrested without probable cause or arrest or search warrant, and was held three days before going before a United States Commissioner.

2) That the Commissioner's warrant was invalid and should not have been issued.

3) That the government failed to prove possession and that the petitioner had knowledge that it was imported illegally.

4) That trial court was without jurisdiction to hold a trial and impose sentence and judgment on a defective and prejudiced indictment.

5) That the court did not comply with subdivision (a) of Rule 32, Title 18, F.R.O.Crim.P.

At the trial on September 18, 1961, the defendant Williams was represented by David Grant, an attorney, who was hired by the defendant.

The petitioner here contends that the police did not have probable cause for his arrest. This is an issue which is normally raised by proper motion before the trial, as facts relevant to an arrest are often not admissible evidence in trial before a jury. The courts have held that a claim of an illegal arrest is not a question which can be raised in a Section 2255 proceedings. United States v. Shields, 6 Cir., 291 F.2d 798, in which certiorari was denied; United States v. Wagner, 6 Cir., 309 F.2d 7.

The Court of Appeals, in passing on the petitioner's direct appeal from his conviction, Williams v. United States, 8 Cir., 328 F.2d 256, discussed at pages 258 and 259 certain aspects of the petitioner's arrest which were offered as proper evidence. In addition to what the appeal court said, the record shows that when the defendant was before the court for sentencing that it was disclosed the defendant was on parole at the time of his arrest from a sentence for violation of the narcotic laws. If the question of the illegal arrest was a proper one, it is without merit.

■ Petitioner's second ground for relief is likewise without merit. He does not allege that any incriminating statements were taken from him after his arrest, nor · was incriminating evidence seized from his person. No prejudice to the defendant occurred as a result of the issuance of that warrant. He was subsequently indicted by the Grand Jury.

■ The petitioner's third ground for relief has already been passed on by the Court of Appeals in the direct appeal from his conviction, 8 Cir., 328 F.2d 256. The court stated that there was abundant evidence in the record to establish that petitioner had possession of the narcotics and then passed them to Miss Walker when the police approached. Any issues of law arising from the possession of narcotics by Miss Walker rather than by the petitioner are therefore not in point here.

■ The petitioner's fourth ground for relief is that the indictment is faulty and that "hearsay testimony" was employed in obtaining it. He does not indicate in what manner the indictment was faulty and has therefore failed to set forth a proper basis for relief upon this ground. In Roth v. United States, 8 Cir., 295 F.2d 364, the court said: "It is only in a rare case, * * * that the validity or sufficiency of an indictment or information is subject to collateral attack by habeas corpus or under § 2255." The petitioner has failed to suggest any reason for the court to hold that the indictment here is that "rare case".

■ Whether or not hearsay testimony was used in obtaining the indictment is immaterial. The Supreme Court in Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397, held that an indictment based *solely* on hearsay evidence was valid. The petitioner can obtain no relief on this ground.

■ The last claim advanced by the petitioner is that the court failed to give petitioner an opportunity to make a statement before sentence was imposed upon him. A reading of the transcript,

however, will reveal that there was an extended colloquy between the petitioner and this court at the time of sentencing (R. 118 et seq.). The facts in the record simply do not support this contention.

■ Moreover, the failure of the court to grant a defendant the right of allocution at the time of sentencing is not a proper ground for vacating a sentence under Section 2255. This was held in United States v. Bebik, 4 Cir., 302 F.2d 335, which was relied upon by the petitioner in his brief. The defendant in that case was convicted of bank robbery and was not given the right to make a statement when sentence was imposed. He later filed a motion under Section 2255 on this ground. In overruling the motion, the court cited Machibroada v. United States, 368 U.S. 487, 1. c. 489, 82 S.Ct. 510, 1. c. 511, 7 L.Ed.2d 473, in which it held:

> "[T]he failure of the District Court specifically to inquire at the time of sentencing whether the petitioner personally wished to make a statement in his own behalf is not of itself an error that can be raised by motion under 28 U.S.C. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure."

The motion of the petitioner is accordingly overruled in all particulars.

Supplemental Opinion

After the memorandum opinion and order had been drafted by the court with respect to petitioner's motion under 28 U.S.C.A. § 2255 seeking to vacate and set aside a sentence of this court, a supplemental motion was received by the court.

An examination of the supplemental motion discloses that it is little more than a brief pertaining to the original motion, except that it now attacks the attorney who represented the petitioner in the trial of his case before the court. The petitioner was represented at the trial by an attorney of his own choice, for whom he had arranged, namely David Grant, an attorney who has practiced many years in this court and in the oth-

er courts in this area and who has tried many cases and represented many defendants in criminal cases.

Since the matters presented in the supplemental motion pertain primarily to the law with respect to the original motion, except for the attack upon counsel, and in view of the facts above set out, the supplemental motion is accordingly overruled in all particulars.