Earl **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17929.

United States Court of Appeals
Eighth Circuit.

April 15, 1965.

Earl Williams, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and RIDGE, Circuit Judges, and HENLEY, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Before us is an appeal by Earl Williams, hereinafter called defendant, from order denying his 28 U.S.C.A. § 2255 motion to vacate sentence filed October 23, 1964, and supplemental motion filed December 3, 1964.

Defendant has heretofore been tried and convicted on each count of a two count indictment charging narcotics violations. Count One charges receiving, concealing and possessing narcotics in St. Louis, Missouri, in violation of 21 U.S.C.A. § 174. Count Two charges illegal transportation of narcotics from Chicago, Illinois, to St. Louis, Missouri, in violation of 26 U.S.C.A. § 4724(b). Prior narcotic convictions were established. Concurrent twenty-year sentences were imposed on each count. Thus, a conviction upon either count would support the judgment. The conviction was affirmed upon direct appeal. Williams v. United States, 8 Cir., 328 F.2d 256. Our opinion sets out in considerable detail all material and background facts pertinent to this appeal.

In his present motion, defendant asserts he was deprived of federally guaranteed constitutional rights and attacks the validity of his conviction upon the following grounds:

1. The defendant was arrested without probable cause, was held three days before taken before a commissioner, and was illegally searched.

2. The commissioner's warrant of arrest subsequently issued was invalid.

3. The Government failed to show defendant had possession of the narcotics or that he had knowledge of illegal importation.

4. The court lacked jurisdiction because of fatal defects in the indictment.

5. The court failed to afford defendant an opportunity to speak in his own behalf before sentencing.

6. Defendant's employed counsel at the trial, which resulted in his conviction, did not adequately protect his interests.

The court properly denied the motion as supplemented. Grounds 1 and 2 have no application here for many reasons. The validity of the arrest was not raised in the original trial or in the course of the appeal upon such conviction and hence the grounds urged do not afford a proper basis for collateral attack, at least where, as here, defendant was represented by competent counsel. The facts set out in our prior opinion show probable cause existed for the arrest. Moreover, no attempt was made at the trial to introduce any evidence seized from the defendant or to offer any statement made by defendant after he was taken into custody. As pointed out in our opinion affirming the conviction, defendant abandoned the narcotics by thrusting them into the bosom of the dress of his companion, Geraldine Walker, just prior to his apprehension. Miss Walker voluntarily appeared as a witness and confirmed this. Defendant's constitutional rights have not been violated by introducing in evidence the narcotics which he has abandoned. See Vincent v. United States, 8 Cir., 337 F.2d 891.

Ground 3 relating to proof of possession of the narcotics is fully considered and adequately answered adversely to the defendant in our prior opinion.

Ground 4 to the effect that the indictment is fatally defective is wholly without merit. Contrary to defendant's

contention, venue is properly alleged. An indictment can be based wholly upon hearsay. See Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. The indictment sets out the material elements of the offenses charged and is sufficient to enable the defendant to understand and defend the charges made and to preserve his rights to assert former jeopardy in any proceedings which might be taken against him. Moreover, we have frequently held that absent extremely unusual circumstances, the validity or sufficiency of an indictment is not reviewable upon appeal from an order denying a § 2255 motion. Taylor v. United States, 8 Cir., 332 F.2d 918, 919; Jackson v. United States, 8 Cir., 325 F.2d 477, 478; Roth v. United States, 8 Cir., 295 F.2d 364, 365; Keto v. United States, 8 Cir., 189 F.2d 247, 249, 251. No such unusual circumstances are here shown.

■ With respect to the right of allocution, the record supports the trial court's finding that the defendant and the court engaged in a conversation before sentence was pronounced. In any event, the failure of the court to specifically inquire at the time of sentencing whether the defendant personally desires to make a statement is not of itself an error that can be raised by a § 2255 motion. Machibroda v. United States, 368 U.S. 487, 489, 82 S.Ct. 510, 7 L.Ed.2d 473; Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417.

■ Defendant's contention that he was denied effective representation by counsel in his original trial is without merit. Defendant's trial counsel was counsel chosen by and employed by the defendant. The trial court's order reflects that the trial counsel was experienced and competent. The record fails to disclose any lack of skill or competence upon the part of counsel. There was no reasonable possibility of successfully asserting the contentions made by the defendant, which contentions are those hereinabove discussed. Upon direct appeal from the conviction, this court appointed counsel for the defendant and commended counsel for the "capable and dedicated manner in which he has performed his task."

Defendant has completely failed in all respects to demonstrate that any of his constitutional rights have been violated. The court committed no error in denying his § 2255 motion as supplemented.

Affirmed.