Earl WILLIAMS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 66 C 111(1).

United States District Court
E. D. Missouri, E. D.

April 15, 1966.

Earl Williams, per se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for respondent.

HARPER, Chief Judge.

The petitioner was sentenced to twenty years imprisonment upon a jury verdict for violation of the Federal narcotic laws. The sentence was affirmed by the Court of Appeals in 8 Cir., 328 F.2d 256. The petitioner then moved the court to vacate the sentence under 28 U.S.C.A. § 2255, and this motion was overruled in all particulars in D.C., 236 F.Supp. 648. In the present action the petitioner again moves the court to vacate and set aside the sentence under 28 U.S.C.A. § 2255. The grounds for the present motion are:

1) That the indictment under which the petitioner was convicted failed to allege facts sufficient to constitute an offense against the United States because the words "fraudulently" and "knowingly" could not be omitted from Count 1 of the indictment when these terms are part of the statutory defini-

tion in 21 U.S.C.A. § 174. The pertinent part of the statute is as follows:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to the law * * *."

2) That the charges in Counts 1 and 2 of the indictment are inconsistent in that Count 1 charges that he "did receive" the narcotic in the City of St. Louis on the 16th day of June, 1961, and Count 2 charges "that on or about the 16th day of June, 1961, Earl Williams did unlawfully carry a certain quantity of narcotic drugs from the City of Chicago to the City of St. Louis." It is the contention of the petitioner that it is impossible to be guilty of both these charges on the same day, and that, therefore, each count of the indictment cancels the effect of the other.

3) That the government used perjured testimony and suppressed certain facts.

4) That the petitioner was deprived of his right to confront the witnesses against him because one Officer Harold Bloss was not produced by the prosecution at the trial.

The omission of the words "fraudulently" and "knowingly" from Count 1 of the indictment is not a sufficient ground for granting relief to the petitioner. In the absence of extremely unusual circumstances the sufficiency of the indictment is not open to collateral attack on a motion to vacate a sentence. Bent v. United States, 8 Cir., 308 F.2d 585. All that is necessary is that the indictment clearly and succinctly state a charge against the defendant with sufficient clarity to enable him to defend himself against the charge and to plead

the defense of double jeopardy in bar to a subsequent prosecution. Long v. United States, 8 Cir., 296 F.2d 148. It is obvious that the omission of certain formal words from an indictment is not such a defect as to make it impossible for the defendant to know the nature of the charge against him and to properly defend himself. Furthermore, the words "fraudulently" and "knowingly" in 21 U.S.C.A. § 174 have reference only to the importation of narcotic drugs. Count 1 of the indictment did not charge the petitioner with the unlawful importation of the drugs, but only charged him with receiving, concealing, and possessing the drugs "knowing" they were imported contrary to the law.

 The petitioner's second ground for relief, that the two counts of the indictment are inconsistent, is not sound. An indictment is ordinarily sufficient which charges a statutory crime substantially in the language of the statute. United States v. Foster, 7 Cir., 253 F.2d 457. Here, each count was substantially in the language of the statutes (21 U.S. C.A. § 174 and 26 U.S.C.A. § 4724(b)). Thus, the real question becomes not whether the counts were inconsistent, but whether the statutes themselves were inconsistent, and whether the petitioner violated both statutes. This matter was settled by the Supreme Court in Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597.

The petitioner's third ground for relief, that the government used perjured testimony and suppressed certain facts, is not considered since the petitioner has not alleged what testimony was perjured nor what facts were suppressed.

In his last ground for relief the petitioner alleges that he was denied the right to confront the witnesses against him because he was denied the right to cross-examine the initial complaining witness, one Harold Bloss, before the United States Commissioner; and that said Harold Bloss was never produced at the trial. The record shows that the petitioner's attorney was present before the United States Commissioner and a hearing was waived. It also shows that Harold Bloss' testimony was not used in any form at the trial and his identity was not kept a secret. Therefore, this argument of the petitioner's is unfounded because he could have subpoenaed Officer Bloss to testify at any moment during the trial. It was not mandatory for the prosecution to call Harold Bloss merely because he signed the initial complaint. The prosecution had the duty to allow the defendant to cross-examine every witness whose testimony was used against him, and this was done.

The motion of the petitioner is accordingly overruled in all particulars. No hearing has been necessary in considering the petitioner's motion as he has not alleged any facts which are not disclosed in the records. Accordingly, the petitioner's prayer for habeas corpus ad testificandum is also overruled.