**Earl WILLIAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 69 C 271(1).

United States District Court
E. D. Missouri, E. D.

Sept. 19, 1969.

Earl Williams, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM OPINION
AND ORDER

HARPER, Chief Judge.

The petitioner was sentenced to twenty years' imprisonment upon a jury verdict for violation of the Federal Narcotics Laws, which conviction was appealed and affirmed by the Court of Appeals, 328 F.2d 256.

Thereafter, on October 23, 1964, the petitioner moved the court to vacate sentence under 28 U.S.C.A. § 2255. This motion was overruled on December 7, 1964, and a further memorandum opinion filed on December 17, 1964, with respect to a supplemental motion, the court's ruling being found in 236 F.Supp. 648. The court's ruling on the motion under 28 U.S.C.A. § 2255 was duly appealed to the Court of Appeals, the court permitting

the petitioner to appeal as a pauper, and the Court of Appeals on October 18, 1965, affirmed the orders entered by the district court on December 7 and 17, 1964.

Thereafter, petitioner again filed a motion under 28 U.S.C.A. § 2255 to set aside his conviction, and the court on April 15, 1966, filed a memorandum opinion overruling petitioner's motion. Petitioner then filed a notice of appeal, but was denied leave to proceed on appeal in forma pauperis by certification on May 12, 1966.

This matter is now before the court on another motion by petitioner under 28 U.S.C.A. § 2255 to vacate sentence and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis is granted.

In support of his motion, petitioner states that his sentence is void for the reason that at the time of the imposition of sentence petitioner was not afforded an opportunity to offer a statement in mitigation, and that his counsel was ineffective in that he was mute at the time of sentencing.

In petitioner's first motion under 28 U.S.C.A. § 2255, he asserted that his sentence should be set aside for the reason that the court failed to give petitioner an opportunity to make a statement before sentence was imposed. In its memorandum opinion the court said:

"A reading of the transcript, however, will reveal that there was an extended colloquy between the petitioner and this court at the time of sentencing (R. 118 et seq.). The facts in the record simply do not support this contention.

"Moreover, the failure of the court to grant a defendant the right of allocution at the time of sentencing is not a proper ground for vacating a sentence under Section 2255. This was held in United States v. Bebik, 4 Cir., 302 F.2d 335, which was relied upon by the petitioner in his brief. The defendant in that case was convicted of bank robbery and was not given the right to make a statement when sentence was imposed. He later filed a motion under Section 2255 on this ground. In overruling the motion, the court cited Machibroada v. United States, 368 U.S. 487, l.c. 489, 82 S.Ct. 510, l.c. 511, 7 L.Ed. 2d 473, in which it held:

" 'The failure of the District Court specifically to inquire at the time of sentencing whether the petitioner personally wished to make a statement in his own behalf is not of itself an error that can be raised by motion under 28 U.S.C. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure.' "

It was affirmed in 344 F.2d 264.

It is questionable that petitioner was denied an opportunity for allocution in view of the conversation between petitioner and the court (as shown by the transcript) at the time of sentencing and before the imposition thereof, but it is clear that the failure of a trial court to specifically ask whether defendant personally desires to make a statement at the time of sentencing is not of itself an error which can be raised by a motion to vacate sentence. Bone v. United States, 351 F.2d 11 (8th Cir. 1965); Williams v. United States, 344 F.2d 264 (8th Cir. 1965), cert. den. 382 U.S. 857, 86 S.Ct. 112, 15 L.Ed. 2d 95. In addition, there is no indication that petitioner would have added anything. He has stated no fact or allegations in mitigation.

Petitioner's contention that he was ineffectively represented by counsel because counsel was silent at the time of sentencing is without merit. Petitioner was represented by counsel of his own choice. In such a case, a complaint of improper representation can only be sustained where the attorney's conduct amounts to a breach of a legal duty. Alexander v. United States, 290 F.2d 252 (5th Cir. 1961). An examination of the record in this case discloses the opposite. Petitioner was ably represented by experienced and competent counsel. His

silence at the time of sentencing is not a ground for collateral attack of sentence.

The motion of the petitioner is accordingly overruled in all particulars.