559 F.Supp. 30 (1983)
Alfred GRADY, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 82-1582 C(B).
United States District Court, E.D. Missouri, E.D.
March 2, 1983.
Alfred Grady, pro se.
Kathianne Knaup Crane, Asst. U.S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM
REGAN, District Judge.
This matter is before the Court upon Alfred Grady's petition for post-conviction *31 relief. 28 U.S.C. § 2255. Grady was convicted of seven counts of violating 18 U.S.C. § 472; he was sentenced to four years' imprisonment. The conviction was affirmed on direct appeal. United States v. Grady, 665 F.2d 831 (8th Cir.1981).
In his petition Grady alleges he was denied his right to counsel of his choice in these proceedings and that his original attorney improperly testified for the prosecution and provided defense information to the prosecution.
Petitioner was arrested for attempting to pass seven counterfeit $20.00 bills in exchange for money orders at a liquor store in Pagedale, Missouri. Secret Service Special Agent Daniel Flaherty questioned petitioner regarding the source of the bills. Petitioner stated that he had received the money from his attorney, Terry Lewis, in exchange for consultation services. On August 26, 1980, Lewis told the Secret Service agents that he had not sent these bills to petitioner or anyone else as a payment for consulting services. Petitioner retained Terry Lewis, who entered his appearance as petitioner's attorney at his arraignment on September 5, 1980. On September 16, 1980, a government agent advised Lewis that he would be subpoenaed as a government witness. Lewis told the agent that he had given Betty Bell, petitioner's friend, $401.00 to pay a note on petitioner's mother's house and that petitioner had never done consulting work for him. On October 14, 1980, Lewis withdrew as petitioner's attorney and Doris Gregory Black entered her appearance as retained counsel.
Attorney Black represented petitioner at his first trial, which ended in a mistrial on November 11, 1980. She represented him again at his second jury trial on November 25, 1980. This trial resulted in petitioner's conviction. He was sentenced to four years' imprisonment. At both trials, Lewis testified that he had not sent a consulting fee to petitioner. Attorney Black represented petitioner on his appeal.
Petitioner asserts that his constitutional rights were violated in that he was denied his right to be represented by the attorney of his choice, that is, Terry Lewis. He states that the attorney who represented him at trial, Doris Black, was not the attorney of his choosing and that he never consented to Lewis' withdrawal. He claims he first learned that Lewis would be a witness against him in October of 1980. He states that he did not know that Lewis' testimony would be damaging. He adds that Lewis falsely testified on direct examination that he was unaware of petitioner's arrest for filing a false employment claim and that this acted to discredit him. He states that Lewis' testimony for the prosecution breached the confidence of their attorneyclient relationship. He argues that Special Agent Flaherty's report that Lewis told him that petitioner had probably not completed a 1979 tax return is a disclosure of a confidence. He contends that he continued to discuss trial strategy with Lewis before, during, and after the trial. He states that he is not sure whether Lewis shared his defense strategy with the prosecution. He seeks an evidentiary hearing to develop and present his evidence.
The government contends that there is no constitutional right to counsel of one's choice. United States v. Weninger, 624 F.2d 163, 166 (10th Cir.), cert. denied, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980). Lewis' withdrawal as attorney was proper because his testimony was or may have been prejudicial to petitioner. United States v. Reeder, 614 F.2d 1179, 1186 (8th Cir.1980). The government concludes that under these circumstances, petitioner cannot complain that he was denied the right to the attorney of his choice. United States v. Cortellesso, 663 F.2d 361 (1st Cir.1981).
An affidavit dated December 3, 1982, and signed by the Assistant United States Attorney who handled the prosecution of petitioner's case states that Lewis never communicated petitioner's trial strategy to her. Based upon the affidavit, the government argues that there was no intrusion into the attorney-client relationship. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). The government also contends that petitioner knew Lewis was to *32 be called as a government witness prior to trial and that if petitioner consulted with Lewis, it was done with petitioner's informed decision and choice.
Petitioner's request for an evidentiary hearing must be denied on the ground that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.
"In general defendants are free to employ counsel of their own choice and the courts are afforded little leeway in interfering with that choice." United States v. Cox, 580 F.2d 317, 321 (8th Cir.1978), cert. denied, 439 U.S. 1075, 99 S.Ct. 851, 59 L.Ed.2d 43 (1979) (citations omitted). Petitioner's right to choose a particular person to represent him is not absolute. See United States v. Buttorff, 572 F.2d 619, 627 (8th Cir.), cert. denied, 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978) (defendant had no right to have an unlicensed attorney represent him). In this case, Lewis recognized that his testimony might prejudice petitioner and it was proper for him to withdraw as counsel. Reeder, supra, at 1186. It would be improper for Lewis to continue to defend petitioner when he knew he would be called to testify against him. Cortellesso, supra, at 363; DR5-102(B), Code of Professional Responsibility. Thus, petitioner had no right to insist that Lewis continue to represent him. Since it was mandatory that Lewis withdraw, DR2-110(B)(2), DR5-102(B), Code of Professional Responsibility, Lewis acted properly in withdrawing his representation, even in the absence of petitioner's consent. Since petitioner retained attorney Black as his counsel and he has not shown that she breached a legal duty owed him, petitioner's contention that he was denied the right of counsel of his choice is without merit. See Williams v. United States, 304 F.Supp. 691, 692 (E.D. Mo.1969).
Petitioner's next contention is that Lewis' testimony resulted in a breach of attorney-client confidence. It is not improper for an attorney to testify against his former client. See Reeder, supra. The matters to which Lewis testified concerned statements petitioner had given the government agents regarding the acquisition of the counterfeit currency. No attorney-client confidences were disclosed on the stand. Lewis' statement to Flaherty that petitioner probably had not filed a 1979 tax return was not brought up at trial and thus, could not have affected Grady's conviction. Accordingly, there was no breach of an attorney-client confidence. See Bouschor v. United States, 316 F.2d 451 (8th Cir.1963).
The affidavit of the Assistant United States Attorney indicated that Lewis did not disclose petitioner's defense strategy to the government. Petitioner has made no substantial showing, by affidavit or otherwise, to the contrary. Lewis even testified as a character witness on behalf of the petitioner. Thus, there is no substance to petitioner's allegation that Lewis disclosed his defense strategy to the government. See Weatherford v. Bursey, supra.
Petitioner also has not established that Lewis gave false testimony on redirect examination that he was unaware of petitioner's arrest for filing a false employment claim in an effort to discredit him. Trial Tr., p. 111. First, petitioner's cross-examination revealed that Lewis was unsure whether he had handled petitioner's arrest for filing a false employment claim. Trial Tr., p. 116. Second, if petitioner suffered any prejudice as a result of Lewis' answer to the government's question, it was the result of the government's attack on Lewis' ability to testify regarding petitioner's reputation for honesty. Lewis' answer to the question was of little overall importance. Had Lewis answered that he was aware of the arrest, the government would have impeached his ability to testify to petitioner's honesty. Lewis did nothing to intentionally discredit petitioner.
Petitioner's contention that had the Court ordered Lewis' withdrawal from the case, he would not have continued to seek advice from and confide in Lewis does not warrant post-conviction relief. First, petitioner sought Lewis' advice with full knowledge that Lewis had been called to testify *33 on behalf of the government against him. As witness for the prosecution, petitioner should have known that Lewis' testimony would probably be damaging. Any communications between Lewis and petitioner were voluntary and, thus, violated no constitutional rights. Second, since it was proper for Lewis to withdraw on his own motion, the absence of a court order requiring Lewis to withdraw did not violate petitioner's right to a fair trial. Whether court ordered or based upon the attorney's own motion, the withdrawal terminated petitioner's relationship with his attorney. Petitioner's subsequent contacts with Lewis were made with full knowledge that Lewis was no longer the attorney representing him before the court and that Lewis would be called to testify against him.
For these reasons, petitioner's allegations are without merit. The action will be dismissed.