**Alfred Charles GRADY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 83–1398.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1983.

Decided Aug. 19, 1983.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., Kathianne Knaup Crane, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Alfred Charles Grady, pro se.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Alfred Charles Grady appeals from the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. A jury convicted Grady of attempting to pass seven counterfeit $20 bills in violation of 18 U.S.C. § 472, and the court sentenced him to four years imprisonment. Grady claims a violation of his constitutional rights ·in that (1) his attorney withdrew as trial counsel when the government subpoenaed him as a prosecution witness, and (2) the attorney breached attorney-client confidences. We affirm.

On August 21, 1980, the police arrested Grady outside a liquor store after he attempted to exchange counterfeit bills for money orders. In response to questioning, Grady told a Secret Service agent the money came from a $500 consultation fee sent to him a week earlier by his attorney, Terry Lewis. When contacted by the authorities, Lewis denied sending Grady a consultation fee.

Lewis represented Grady at his arraignment on September 5, 1980. On September 16, 1980, the government informed Lewis that he would be subpoenaed as a government witness. On October 14, 1980, Lewis withdrew as Grady's representative and Doris Gregory Black entered her appearance as Grady's attorney. At Black's request, the trial was continued to November 10, 1980. Black represented Grady through

two trials, the first of which ended in a mistrial, and on appeal.

At both trials Lewis testified for the prosecution that he did not send Grady a consultation fee. On cross-examination, the defense used Lewis as a favorable character witness. Consequently, on redirect examination the government questioned him with respect to his knowledge of Grady's prior arrests involving dishonesty. Grady was convicted at the close of the second trial, and this court upheld the conviction and sentence. *United States v. Grady,* 665 F.2d 831 (8th Cir.1981).

In his motion to vacate his sentence, Grady asserts that Lewis' withdrawal itself amounts to a violation of his constitutional rights. Grady acknowledges that he was notified in October, a month before trial, that Lewis would be subpoenaed as a prosecution witness and that Lewis recommended Attorney Black at that time. Grady claims he did not choose Black as his attorney and did not know Lewis' testimony for the prosecution would be damaging. He states Lewis participated in Grady's meetings with Black and offered advice on defense strategy before, during, and after trial. Moreover, he contends Lewis' testimony and other statements to the authorities breached attorney-client confidences.

The district court denied Grady's motion to vacate without a hearing. *Grady v. United States,* 559 F.Supp. 30 (E.D.Mo. 1983). The court held that the record conclusively demonstrates that neither Lewis' withdrawal, his testimony at trial, nor his continued consultation with Grady during the preparation of his defense infringed upon Grady's right to counsel or his right to a fair trial.

■ Lewis' withdrawal did not violate Grady's right to counsel. "[T]he right to assistance of counsel does not imply the absolute right to counsel of one's choice. A defendant's right to obtain counsel of his choice must be balanced against the need for efficient and effective administration of criminal justice." *United States v. Weninger,* 624 F.2d 163, 166 (10th Cir.), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980) (citations omitted).

Where defense counsel's testimony is important to the government's case, the best alternative is for counsel to withdraw. *United States v. Reeder,* 614 F.2d 1179, 1186 (8th Cir.1980). The government cannot be expected to risk its case by not calling defense counsel if his testimony is important. "An accused's right to select his own counsel * * * cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *United States v. Cortellesso,* 663 F.2d 361, 363 (1st Cir.1981) (*quoting United States v. Bentvena,* 319 F.2d 916, 936 (2d Cir.), *cert. denied,* 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963)).

■ Lewis' testimony was important to the prosecution because it tended to establish Grady's intent to defraud the government, an element of Grady's offense. Such intent may be inferred from the circumstances surrounding the passing of a counterfeit note. *United States v. Chisem,* 667 F.2d 1192, 1193 (5th Cir.1982). Lewis disputed Grady's initial explanation of the source of the counterfeit bills. At trial Grady offered another explanation; he testified that he won the counterfeit bills gambling the night before. The jury could infer from Grady's false and inconsistent statements that he knew the bills were counterfeit. *See United States v. Berry,* 599 F.2d 267, 269 (8th Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 129, 62 L.Ed.2d 84 (1979); *United States v. Pitts,* 508 F.2d 1237, 1240 (8th Cir.1974), *cert. denied,* 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975). In view of the importance of his testimony, Lewis chose properly to withdraw.

The record also indicates that the change of counsel did not unduly interfere with Grady's rights. The court granted Black's request for a continuance affording her a month to prepare her case. Although Grady contends he did not choose Black to replace Lewis, he accepted her services without complaint through two trials and on appeal. Even now he does not allege that her representation was inadequate.

■ Further, no constitutional violation arose from Lewis' attendance at the conferences between Grady and Black because Lewis did not pass on information from these meetings to the prosecution. *See Weatherford v. Bursey,* 429 U.S. 545, 556, 97 S.Ct. 837, 844, 51 L.Ed.2d 30 (1977); *Klein v. Smith,* 559 F.2d 189, 197 (2d Cir.), *cert. denied,* 434 U.S. 987, 98 S.Ct. 617, 54 L.Ed.2d 482 (1977). In *Weatherford* an undercover agent posing as a co-defendant met with the defendant and his attorney while trial strategy was being discussed. The Supreme Court rejected the contention that this action constituted a *per se* violation of the right to counsel. *Weatherford v. Bursey, supra,* 429 U.S. at 551. The Court held that as long as the agent did not communicate information gained in the meetings to the prosecution, there was no sixth amendment violation. *Id.* at 556, 97 S.Ct. at 844. The Court also emphasized that the undercover agent did not attend the attorney-client meetings to gain information for the prosecution, but rather to avoid jeopardizing his cover. *Id.* at 557, 97 S.Ct. at 844.

Lewis was certainly not an agent for the prosecution; his only connection to the prosecution was a subpoena. There is no evidence in the record to support Grady's allegation that Lewis revealed attorney-client confidences to the government. The prosecuting attorney submitted an affidavit stating Lewis never communicated to her Grady's trial strategy or other secrets or confidences. Grady admits in his complaint that he has no knowledge that Lewis ever communicated defense information to the prosecution. The trial transcript does not indicate the prosecution used any confidential information.

Nor does it appear that Lewis breached any client confidences while testifying. On direct examination he merely denied sending Grady a consultation fee. Grady takes issue with Lewis' statement on redirect examination that he did not remember whether Grady had ever been arrested for filing a false employment claim. This statement does not, however, appear to be either perjurious or a revelation of a client confidence

as Grady contends. Grady also objects to a statement Lewis made to an investigating agent. This statement was not introduced at trial, thus it had no bearing on Grady's conviction. Since Lewis did not testify about the conversations between Grady and Black, and there is no evidence that information from these conversations was ever communicated to or used by the prosecution, the district court correctly denied Grady's motion on this ground. *See Weatherford v. Bursey, supra,* 429 U.S. at 554, 97 S.Ct. at 843; *United States v. Brugman,* 655 F.2d 540, 546 (4th Cir.1981).

We have carefully examined the records in this case, and we find no constitutional violation; accordingly, the judgment of the district court is affirmed.