**UNITED STATES of America, Plaintiff,**

v.

**Joseph P. GORMAN, Robert Hawley, Audrey Hawley, and Lloyd M. Emond, Defendants.**

**Crim. No. 6–87–19.**

United States District Court,
D. Minnesota,
Sixth Division.

Dec. 18, 1987.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Bruce Hanley, Minneapolis, Minn., for defendant Gorman.

Stephen Garrison, Minneapolis, Minn., for defendant Robert Hawley.

William M. Orth, St. Paul, Minn., for defendant Audrey Hawley.

Daniel Scott, Federal Public Defender, Minneapolis, Minn., for defendant Emond.

## ORDER DENYING BAIL ON APPEAL

DEVITT, District Judge.

These defendants move for release pending appeal under 18 U.S.C. § 3143(b). They, and two other defendants, were convicted of conspiring to defraud the IRS under 18 U.S.C. § 371. The indictment charged, and the evidence showed, that defendants conspired to conceal income from the IRS by promoting the use of so-called warehouse banks. These warehouse banks were used as a means of conducting one's financial affairs without creating the types of records commonly used by the IRS to reconstruct taxable income.

Depositors were told that their financial transactions would remain private because the warehouse banks did not maintain records of depositors' names and regularly destroyed records of deposits and withdrawals transacted by code number. The evidence in this case concerned warehouse banks in Minnesota, South Dakota and Colorado. These and other such banks in the United States, the evidence reflected, deal in millions of dollars each month. The trial lasted four weeks. All six defendants were confined following conviction because it was not then shown they were not likely to flee or pose a danger to others. The

four named defendants then filed these motions.

Under the statute governing release pending appeal, 18 U.S.C. § 3143(b), the court must order a convicted defendant detained pending appeal unless it finds (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to others and, (2) by a preponderance of evidence, that "the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in a reversal or an order for a new trial or a sentence that does not include a term of imprisonment." The defendant has the burden of showing that these criteria are met. *U.S. v. Powell*, 761 F.2d 1227, 1232–34 (8th Cir. 1935). For the seminal case, see also *U.S. v. Miller*, 753 F.2d 19 (3rd Cir.1985).

■ On the basis of the record made and attentive to the briefs on this motion, the court concludes that these defendants must be detained pending appeal because it has not been shown by clear and convincing evidence that defendants are not likely to flee or pose a danger to others and it has not been shown by a preponderance of the evidence that the appeals are not for purposes of delay and raise substantial questions of law or fact likely to result in reversal or an order for a new trial, or a sentence that does not include a term of imprisonment.

The defendants, in their briefs for release pending appeal, have stated issues to be presented on appeal. The court has examined each of them and finds each of them without merit under the principles enunciated in *U.S. v. Powell, supra,* which holds that a substantial question is a close question. The court hereafter discusses some of the issues raised.

### Suppression of Evidence Siezed in Colorado

■ Following search and seizure of records from the central warehouse bank (National Commodity Exchange) and the headquarters of a related organization (National Commodities & Barter Association) as well as defendant Gorman's home and automobile in Denver, Colorado, a motion was brought for the return of seized property under Rule 41(e) before the Honorable John L. Kane, Jr., United States District Judge for the District of Colorado. Based upon representations of the movant, Judge Kane construed the motion as one for return of the property, only, and not one dealing with the further issue of subsequent use of fruits of the search by the government. *United States v. Voss*, Nos. 85–447M, 85–448M and 85–450M, Reporter's Transcript at 66 and 70 (D.Colo. April 11, 1985) and slip op. at 4 (D.Colo. June 12, 1987). Movants were simultaneously pursuing a civil action to enjoin subsequent use of the fruits, which action was eventually dismissed for lack of prosecution. *Id.* at 5. Judge Kane found the warrants invalid and ordered return of the property. The government made copies of the seized records before returning them and introduced the copies at the grand jury hearing as well as at trial following this court's ruling that the fruits were admissible under the good faith exception.

Defendants' issue on appeal regarding suppression of the evidence seized in Colorado and prosecutorial misconduct is without merit. The matter was fully considered and ruled upon by the court before trial. Orders of June 8 and September 14, 1987. Defendants' arguments that the government improperly copied the documents and that the court improperly admitted them at trial are premised on their position that Judge Kane had suppressed the evidence in ruling on the Rule 41(e) motion. The record of proceedings in the District of Colorado clearly shows that Judge Kane's ruling on that motion addressed return of the property, only.

### Defendant Gorman's Right to Counsel of Choice

■ Defendant Gorman sought to be represented by Scott McLarty *pro hac vice*, a Georgia lawyer. Gorman's right to assistance of counsel of his choice is not absolute, however, and must be balanced against "the need for efficient and effective administration of criminal justice." *Grady v. United States*, 715 F.2d 402, 404

(8th Cir.1983). The admission to practice *pro hac vice* is a privilege, not a right, and may, in the court's discretion, be denied. D.Minn.Local R. 1(D).

The court denied McLarty's application to appear *pro hac vice* after considering his testimony, affidavits and letters submitted on his behalf, a letter with fifteen exhibits submitted by the government, and records of his appearance in the district courts of Minnesota, Hawaii and elsewhere. Taken together, the evidence revealed that McLarty: was disciplined by the Georgia Supreme Court three times in recent years; urged frivolous positions, arrived tardy to court, appeared in court smelling strongly of alcohol, and flagrantly failed to heed instructions from the bench in the Southern District of Georgia; appeared in court smelling strongly of alcohol twice in the Northern District of New York; appeared for discovery smelling strongly of alcohol in the District of Minnesota; was convicted of criminal trespass, convicted twice for DUI, prosecuted for aggravated assault, and prosecuted for cocaine and marijuana possession; and was held in contempt, and jailed, for causing a "ruckus" in the District of Hawaii. A number of McLarty's offenses and transgressions appeared to have been related to McLarty's admitted chemical abuse. Despite his claims, McLarty appeared not to have resolved his dependency.

Based upon McLarty's unfitness for admission to the Bar of the State of Minnesota and the likelihood that his admission *pro hac vice* would seriously disrupt the orderly trial of this matter, the court denied McLarty's application to appear *pro hac vice*. Gorman was adequately represented at all times by his other retained lawyer, Bruce Hanley, a Minnesota seasoned criminal defense lawyer of high reputation. Gorman's appeal based upon denial of the right to counsel of choice does not present a close question. The Court of Appeals denied his petition for a writ of mandamus. Clerk's Entry # 39. The district court's reasoned opinion denying McLarty's motion to appear is reported at 661 F.Supp. 1087 (1987).

*Severance*

Motions for severance were made and considered numerous times before and during trial. Defendants' joinder was proper under Rule 8(b). Motions for severance of properly joined defendants are left to the court's sound discretion. *United States v. Brim*, 630 F.2d 1307, 1310 (8th Cir.1980); 1 C. Wright, *Federal Practice and Procedure* § 227 at 854 (2nd ed. 1982). Defendants failed to show any substantial prejudice warranting severance.

*Deficiency of Indictment and Showing of Intent*

Robert Hawley challenges the indictment and the evidence at trial on the issue of specific intent. Hawley's post-conviction attack on the sufficiency of the indictment is his first. An indictment, challenged for the first time on appeal, will be upheld if it can reasonably be construed to charge the offense for which the appellant has been convicted. *United States v. Czeck*, 671 F.2d 1195, 1197 (8th Cir.1982). The indictment clearly charged Hawley with conspiracy under § 371. Hawley's attack on the jury's finding of specific intent is without merit. There was sufficient evidence from which it could find that Hawley knew the purpose of the conspiracy and participated in it. The jury was properly instructed regarding the issue of wilfulness.

*Faulty Jury Selection Process*

Emond's appeal regarding the clerk's conduct of the jury selection does not raise a close question. The clerk's detailed report filed with the court shows that the Third Division randomly selects approximately 250 prospective jurors for each two-month period. The clerk then arranges this list of prospective jurors into alphabetical order for administrative convenience. Venire panel members are drawn from this list in order. This jury selection procedure is in substantial compliance with 28 U.S.C. § 1863. No plausible theory of prejudice has been offered by Emond. *Krause v. Chartier*, 406 F.2d 898, 901 (1st Cir.1968).

### Admission of Charts

■ Emond appeals the admission of two charts, government exhibits 402 and 403. The charts at issue fairly summarized voluminous evidence of overt acts in order to aid the jury's understanding of such previously introduced evidence. The charts were properly admitted pursuant to Rule of Evidence 1006, *United States v. Orlowski,* 808 F.2d 1283, 1289 (8th Cir.1986), and no close question is presented.

### Jury Instructions

■ Emond appeals on various jury instruction issues. The court considered and accommodated defense counsel's concerns about the instruction on conspiracy to defraud but found further instruction on the definition of fraud to be unwarranted. Similarly, an instruction on withdrawal was not warranted by the evidence. The jury was correctly instructed on the essential elements of conspiracy. Defendant Emond's remaining objections to jury instructions are too vague to meet his burden of showing a close question, as are his references to "numerous," unspecified evidentiary rulings.

The other asserted issues on appeal are clearly not meritorious and certainly are not close questions.

Defendants' motions for release pending appeal are DENIED.